**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

TRACY COLE and TALEAVIA COLE

Plaintiffs.

v.

CITY OF WAUWATOSA, CHIEF (former) BARRY WEBER, DANIEL MITCHELL, ROBERT PIEHL RUSSELL RICHARDSON, and JOHN DOES POLICE OFFICERS 1 – 100

Defendants.

---

## COMPLAINT

---

NOW COMES Plaintiffs, by and through their attorneys Kimberley Cy. Motley, respectfully allege for their Complaint and Jury Demand as follows:

## INTRODUCTION

1. This is an action whereby Tracy Cole and Taleavia Cole hereinafter collectively referred to as "Plaintiffs," seek redress for deprivations under color of law of rights, privileges and immunities secured by the United States Constitution, the State of Wisconsin's Constitution, and the laws of the United States. Specifically, Plaintiffs seek redress for unlawful actions taken against them by Defendants related to their exercise of their rights under and violations of the Fourth and Fourteenth Amendments to the United States Constitution, the State of Wisconsin's Constitution, and the laws of the United States, with respect to their constitutional rights.

## NATURE OF THE CLAIM

2. Plaintiff Tracy Cole brings these civil actions pursuant to 42 U.S.C. §1983 and state law claims. Plaintiff Tracy Cole seek damages for injuries sustained as a result of Defendants' violations of her constitutional rights. Tracy Cole is the mother of Taleavia Cole and the mother to seventeen-year-old Alvin Cole who was tragically killed on February 2, 2020, by former Wauwatosa Officer Joseph Mensah. On October 8, 2020 Tracy Cole was peacefully protesting the District Attorney's decision to not prosecute Mensah for killing her son in Wauwatosa.

3. Plaintiff Taleavia Cole brings these civil actions pursuant to 42 U.S.C. §1983 and state law claims. Plaintiff Taleavia Cole seek damages for injuries sustained as a result of Defendants' violations of her constitutional rights. Taleavia Cole is the daughter of Tracy Cole and the sister of seventeen-year-old Alvin Cole who was tragically killed on February 2, 2020, by former Wauwatosa Officer Joseph Mensah ("Mensah"). On October 8, 2020, Taleavia Cole was peacefully protesting the District Attorney's decision to not prosecute Mensah for killing her brother in Wauwatosa.

4. In the early evening of October 8, 2020, many persons were peacefully protesting in the City of Wauwatosa.

5. Tracy Cole is the mother of Taleavia Cole who were peacefully protesting in Wauwatosa and were prevented by officers from leaving Wauwatosa in the vehicles they were in.

6. Tracy Cole was forced out of the car by her hair, punched, tased several times by officers and ultimately was taken to the hospital for her severe injuries and is still undergoing treatment.



7. Taleavia Cole was forced out of the car by officers had a knee put to the back of her neck and a gun pointed at her head and is still undergoing medical treatment.

8. Neither Tracy Cole nor Taleavia Cole committed any crimes when they were stopped, detained, and arrested by officers nor were they charged with any crimes on October 8, 2020, and any date after for peacefully protesting in the City of Wauwatosa. Plaintiffs were subjected to force without cause, in violation of, Fourth Amendment and Fourteenth Amendment right against the use of excessive force, and Fourteenth Amendment right to due process, plus state constitutional violations. This excessive force and unconstitutional constraint on Plaintiffs' civil and constitutional rights resulted in physical injuries and emotional distress.

9. Plaintiffs seek to hold Defendants accountable for repeated violations of their constitutional rights.

10. Defendants' actions, while unconstitutional in any context, are even more pernicious here because the use of excessive force specifically targeted at Plaintiffs who assembled to protest police violence and brutality.

**JURISDICTION AND VENUE**

11. This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Therefore, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331(a) and 1343, the Fourth, and Fourteenth Amendments to the United States Constitution and over the parties pursuant to 28 U.S.C. § 1391(b) because this action arises from the commission of tortious acts within the State of Wisconsin, by citizens of the State of Wisconsin.

12. Venue is proper in the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §1391(b)(2), in that this is the judicial district in which

**JURY DEMAND**

13. Plaintiffs demand a trial by jury in this action on all of their claims.

**THE PARTIES TO THIS COMPLAINT**

14. Plaintiff Taleavia Cole is a Wisconsin resident who resides in the City and County of Milwaukee, State of Wisconsin.

15. Plaintiff Tracy Cole is a Wisconsin resident who resides in the City and County of Milwaukee, State of Wisconsin.

16. Defendant City of Wauwatosa is a municipal entity in the State of Wisconsin and and is located at 7725 W. North Avenue, Wauwatosa, WI 53213. The City of Wauwatosa is a municipality organized under the laws of the State of Wisconsin and is a "person" subject to suit

under 42 U.S.C. 1983. It is authorized by law to maintain and operate a law enforcement agency by statute.

17. Defendant Barry Weber was the Chief of Police during all the dates relevant to this complaint for the Wauwatosa Police Department located at 1700 North 16th Street, Wauwatosa, WI 53226, County of Milwaukee, State of Wisconsin, with a phone number of 414-471-8430 and an email of bweber@wauwatosa.net, and is, on information and belief an adult resident of the State of Wisconsin residing in Washington County, within the Eastern District of Wisconsin. In Weber's official capacity he had final responsibility for the policies and procedures of WPD. Weber is named in his individual capacity and official capacity. At all times pertinent and material to this Complaint, Defendant Weber was acting within the scope of his employment and under color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin.

19. Defendant Daniel Mitchell was an officer during all the dates relevant to this complaint for the Wauwatosa Police Department located at 1700 North 116th Street, Wauwatosa, WI 53226, County of Milwaukee, State of WI., with a phone number of 414-471-8430. Upon information and belief, Mitchell is an adult citizen of the State of Wisconsin residing in Milwaukee County, within the Eastern District of Wisconsin. Mitchell was working as an officer with the Wauwatosa Police Department for the City of Wauwatosa. Mitchell is named in his individual capacity. At all times pertinent and material to this Complaint, he was acting within the scope of his employment and under color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin.

21. Defendant Robert Piehl was an officer during all the dates relevant to this complaint for the Wauwatosa Police Department located at 1700 North 116th Street, Wauwatosa, WI 53226, County of Milwaukee, State of WI., with a phone number of 414-471-8430. Upon

information and belief, Piehl is an adult citizen of the State of Wisconsin residing in Milwaukee County, within the Eastern District of Wisconsin. Piehl was working as an officer with the Wauwatosa Police Department for the City of Wauwatosa. Piehl is named in his individual capacity. At all times pertinent and material to this Complaint, Defendant he was acting within the scope of his employment and under color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin.

22. Defendant Russell Richardson was an officer during all the dates relevant to this complaint for the Wauwatosa Police Department located at 1700 North 116th Street, Wauwatosa, WI 53226, County of Milwaukee, State of WI., with a phone number of 414-471-8430. Upon information and belief, Richardson is an adult citizen of the State of Wisconsin residing in Milwaukee County, within the Eastern District of Wisconsin. Richardson was working as an officer with the Wauwatosa Police Department for the City of Wauwatosa. Richardson is named in his individual capacity. At all times pertinent and material to this Complaint, he was acting within the scope of his employment and under color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin.

28. John Does 1-100 are individual police officers and employees of the city of Wauwatosa, who enabled, supported and/or effectuated arrests, caused bodily harm, created false arrest records, and/or ticketed individuals at issue in this case. Their identities are currently unknown to Plaintiffs but are known to Defendant City of Wauwatosa. They are each public employees of Wauwatosa who were operating under the color of state law. When their identities are determined, this Complaint will be amended to name each individual officer to the extent that they violated the rights contemplated in this suit.

29. Tracy Cole and Taleavia Cole, Plaintiffs filed a Notice of Injury pursuant to Wis. Stat. §893.80 as required by law.

**STATEMENT OF FACTS**

30. Following the George Floyd killing in Minneapolis on May 25, 2020, the city of Wauwatosa, along with cities across the country, began to experience protests calling for police reform and accountability for unlawful police violence.

31. On February 2, 2020, former WPD officer Joseph Mensah "Mensah" shot and killed Alvin Cole at Mayfair Mall.

32. Mensah's name was publicly disclosed on June 1, 2020.

33. Mensah also shot and killed Jay Anderson, Jr. on June 23, 2016, and Antonio Gonzales on July 15, 2015. In his five years with the WPD, Mensah fired his weapon nineteen times that resulted in these three deaths. He is the only WPD officer who has killed anyone for over thirteen years.




34. Ultimately, because of the lack of accountability imposed by the City of Wauwatosa

and its police department regarding the three shootings that Mensah was involved in, as well as the outrage regarding the George Floyd murder, several peaceful protests occurred in the City of Wauwatosa from May 25, 2020, onwards.

35. On October 7, 2020, Milwaukee County DA John Chisholm announced that he was not going to criminally charge Joseph Mensah for killing Alvin Cole on February 2, 2020.

36. At all times relevant, Defendant Weber is the chief policymaker of the Wauwatosa Police Department.

37. From October 7, 2020, through October 11, 2020, there was a curfew in Wauwatosa, and the Wauwatosa Police Department and several other law enforcement agencies were working in the city.[1]

38. Several outside law enforcement agencies were working with the WPD and the City of Wauwatosa through its police department who requested their presence.

39. The National Guard were working with the WPD and was also present in the City of Wauwatosa also at their request.

[1] Plaintiffs Tracy Cole and Taleavia Cole were plaintiffs in challenging Wauwatosa's curfew order from October 7, 2020 through October 12, 2020 as well as other claims as filed in the Wisconsin Eastern District Court case 20-cv-1660. This matter is currently being appealed in the Seventh Circuit case 23-2135.



40. On October 8, 2020, Tracy Cole and Taleavia Cole were in the City of Wauwatosa peacefully protesting the Milwaukee County District Attorney's decision does not seek criminal charges against Mensah for the Alvin Cole incident.

41. Although the protests in Wauwatosa were overwhelmingly peaceful, the Wauwatosa Police Department ("WPD"), and other officers invited by Wauwatosa used violent crowd control tactics against peaceful demonstrators on October 8, 2020.

42. While Tracy Cole and Taleavia Cole were trying to leave Wauwatosa in two separate vehicles, Defendant John Doe Officers prevented them from leaving in their vehicles, kettled them in, and placed spike strips in front of their cars.

43. Plaintiff Tracy Cole was arrested and taken to the hospital.

44. Later Tracy learned that she had been given non-criminal ordinance ticket for violation of an emergency order by members of the WPD in the amount of $1,321 and a resisting an officer ticket.

45. According to Wis. Stat. 323.28 the maximum forfeiture that can be given for violation of an emergency order is $200.




46. Since Alvin Cole's death on February 2, 2020, Tracy Cole and her family have been staunch advocates against the type of police violence that killed her son and frequently peacefully protest to support her desired political change

47. Around 7:00p.m. armored vehicles and lines of armored military-style personnel wearing riot gear, helmets, shields, without identifying badges or names on their uniform entirely blocked the streets of Wauwatosa where peaceful protestors were outside and were shooting rubber bullets at them and others who were in Wauwatosa on October 8, 2020.

48. Several protestors were shot with rubber bullets and injured.

49. Persons were instructed to leave Wauwatosa by officers.



50. Plaintiffs Tracy Cole attempted to leave Wauwatosa but was prevented from leaving and were “kettled” in and John Doe officers who deployed stop sticks on the ground in front of the cars that Tracy Cole and Taleavia Cole were in.

51. After being instructed to leave, WPD Officer Martin Keck stopped them from leaving and yelled at Tracy Cole, to “Get out the fucking car before I bust your windows!”

52. WPD Officers Defendant Daniel Mitchell and Defendant Robert Piehl violently pulled Plaintiff Tracy Cole out of the car from the passenger seat.

53. Upon information and belief, Defendant Piehl forcefully pulled Tracy Cole out of the car, grabbed her hair, kneed her in her thigh, tased her several times, and threw her to the ground with the assistance of Defendant Mitchell and other John Doe Officers.

54. Tracy Cole was also punched in the face several times, upon information and belief by Officers Piehl, Mitchell, and John Doe Officers to the point that her head was bleeding.

55. Defendant Mitchell threw Tracy Cole to the ground and put his knee to the back of her head while other John Doe officers also were on her back.

56. Upon information and belief, Defendant Mitchell and John Doe Officers tased Tracy several times and arrested her without probable cause.

57. Defendant Piehl and John Doe Officers handcuffed Tracy excessively tight.

58. While on the ground, Tracy repeatedly told Defendants Piehl, Mitchell, and other John Doe officers that she could not breathe and was in so much pain due to the excessive force and the handcuffs that she believed her arm was broken.

59. While on the ground, none of the officers changed their positions and they continued to put pressure on her back and neck.

60. The excessive force used by Defendants Mitchell, Piehl, and John Doe Officers against Plaintiff Tracy was objectively unreasonable in light of the facts and circumstances confronting them.

61. Tracy Cole screamed her name at least four times and John Doe Officers claimed they did not know who she was. At one point she also screams, “"I can't believe y’all did this to me. Y’all killed my son."

62. About a minute later, Tracy Cole can be heard on video saying: "He hit me in my head and pulled my hair. One of these cops over here. My head is bleeding."

63. One John Doe officer who was previously heard giving Tracy orders responded with, “Well, that’s too bad.”

64. While officers were taking these actions they repeatedly yelled to Tracy Cole, to “stop resisting.” At no time was Plaintiff Tracy Cole resisting arrest.

65. Tracy Cole sustained several visible injuries captured by multiple journalists and witnesses who were at the scene that night that resulted in her being hospitalized and taken away on a stretcher in an ambulance to Froedtert Hospital.



(Tracy Cole on a stretcher taken by a TMJ4 photographer)

https://www.tmj4.com/news/local-news/alvin-coles-mother-arrested-during-protest-in-wauwatosa)

66. Tracy Cole went to Froedtert Hospital late in the evening of October 8, 2020, where she was treated for multiple injuries including head trauma, cuts to her face, swelling of her forehead, and injuries to her arm.

67. In addition to the physical injuries, Plaintiff Tracy Cole is still seeking medical assistance for the physical and extreme mental trauma that she experienced from Defendants Piehl, Mitchell, and another John Doe Officers on October 8, 2020.

68. Tracy was never given any tickets or citations on the evening of October 8, 2020.

69. On December 10, 2020, without any notice to Tracy Cole, through her counsel, first learned that she had a court hearing in the Wauwatosa municipal court docket for civil violations of violating an emergency order and resisting an officer both signed by Defendant Farina.

70. Due to the actions of Defendant Piehl, Mitchell, and other John Doe Officers, Tracy Cole, suffered physical discomfort and injury, including soreness and bruising from having her arms handcuffed tightly, head trauma, bruises throughout her body, significant emotional distress and trauma, as well as other long term medical issues due to the actions of the defendants on October 8, 2020.

71. On October 8, 2020, Taleavia Cole was trying to leave a protest in Wauwatosa in her vehicle.

72. Since Alvin Cole's death on February 2, 2020, Taleavia Cole, who is perhaps the most outspoken member of the Cole family, has been a staunch advocate against the type of police violence that killed her brother and frequently goes to peaceful protests to support her desired political change.

73. From May 25, 2020, through present Taleavia Cole has been unlawfully targeted, harassed, and heavily monitored by members of the WPD.

74. On September 16, 2020, WPD Timothy Warren provided multiple misrepresentations in an affidavit filed with Judge Michell Havas that served as the basis for getting a search warrant and upon information and belief conducted numerous unlawful searches of Plaintiff Taleavia Cole's Facebook account.

75. On October 8, 2020, Plaintiff Taleavia attempted to leave Wauwatosa but was prevented from leaving and was "kettled" in upon information and belief by Defendant Timothy Warren and other John Doe officers who deployed stop sticks on the ground in front of Taleavia's car, preventing her from leaving the area and safely driving away.

76. Plaintiff Taleavia, who was video recording on her cell phone, was violently pulled out of her vehicle by Defendant Russell Richardson and John Doe officers.

77. Defendant Richardson and other John Doe officers threw Taleavia to the ground, put a knee to the back of her neck, and pointed a gun at her head.

78. Defendant Richardson and John Doe Officers pointing their guns at Plaintiff Taleavia Cole constitutes excessive force which was objectively unreasonable in light of the facts and circumstances confronting them.

79. Plaintiff Taleavia Cole was not a threat to Defendant Richardson or any of the John Doe officers at any time during their detention and subsequent arrests.

80. Plaintiff Taleavia Cole was not committing any crimes when she was stopped and arrested by officers.

81. Taleavia Cole was being stopped for a noncriminal curfew violation and was subsequently given a ticket.

82. Plaintiff Taleavia Cole never resisted detention, nor did she ever attempt to flee from Defendant Officers Richardson and John Doe Officers at any time.

83. While Taleavia was laying on the ground, Defendant Richardson and multiple John Doe officers put their knees on the back of Taleavia's neck causing her great bodily harm.

84. The force used against Plaintiff Taleavia Cole by officers was intentional and excessive.

85. Taleavia was video recording on her phone the immediate interactions with the police until a John Doe Officer seized her phone and was looking through it without her permission.

86. Against WPD Policy, the officers refused to identify themselves to Taleavia who asked for their names several times. She also tried to independently identify police officers but either the officers did not have name badges on or there was black tape over their names.

87. At some point, John Doe Officers had possession of Taleavia's cell phone and refused to give it back even after she was released from jail.

88. Taleavia's hand restraints were extremely tight. She asked repeatedly that they be loosened and repeatedly asked John Doe officers why she was under arrest but was ignored.

89. Taleavia was put in a van by John Doe Officers with other persons arrested and taken to somewhere on Mayfair Road, where the officers parked for about an hour and then she was taken to the Waukesha County Jail where they sat in the van for another hour and where they took her picture.

90. Plaintiff Taleavia was eventually taken inside the Waukesha County Jail building where she was forced to strip naked and change into an orange jail uniform in front of a John Doe officer who stayed in the room watching her remove all of her clothes to humiliate her.

91. Taleavia repeatedly told the John Doe Officers that she wanted to talk to her attorney and repeatedly asked why she was under arrest.

92. Taleavia was told that she had to talk to the FBI. She repeatedly told John Doe officers and John Doe FBI agents that she wanted to talk to her attorney asserting her right to remain silent and the FBI agents continued to ask her questions.

93. The FBI asked several questions including what happened; why she was protesting; why the Wauwatosa Police Department wanted her phone; and was she affiliated with protest groups.

94. After Taleavia's release, the City of Wauwatosa through its police department and John Doe Officers continued to seize her phone for weeks without her permission and without any probable cause that she had committed any crimes.

95. Taleavia Cole was released from the jail hours later and her phone was in the possession of Defendants Wauwatosa Police Department and John Doe officers.

96. Upon her release she was given a municipal ticket for Violation of an Emergency Order.

97. Taleavia Cole went back to the area where her car was parked and discovered that it had been towed. The towing of Taleavia Cole's car was in violation of WPD's towing policy, and she had to pay $68.58 to get her car back.

98. For over three weeks Taleavia tried unsuccessfully to get her phone back from Defendants City of Wauwatosa and John Doe Officers who unreasonably refused to give it back with no explanation.

99. The City of Wauwatosa through its police department never attempted to get a search warrant from any courts for Taleavia Cole's phone from October 8, 2020, onwards.

100. Upon information and belief, Plaintiff Taleavia's phone was searched by Defendants City of Wauwatosa Police Department and John Doe Officers while it was in the possession of the WPD and she did not give consent for anyone to seize, retain, or search her phone.

101. As a result of Defendant City of Wauwatosa Police Department and John Doe Officers refusal to return her phone, Plaintiff Taleavia Cole, filed a motion to return her property with the Milwaukee County District Court Judge William S. Pocan's Court 20 CV 6184.

102. On October 30, 2020, in Milwaukee County Judge Pocan's court, the WPD through its attorney Hanna Kolberg agreed to immediately return Plaintiff Taleavia's phone as they acknowledged that they did not have a warrant and therefore had no legal basis to continue keep her phone for over three weeks.

103. Plaintiff Taleavia Cole filed a motion and paid a filing fee of $188 on October 16, 2020, in Milwaukee County to get her phone back from the WPD.

104. Plaintiff Taleavia Cole was represented by Attorneys Kimberley Motley and Attorney Deborah Vishny in Milwaukee County Case 20CV6184.

105. On December 22, 2020, Judge Pocan agreed that the WPD had no legal basis to keep Taleavia's phone and imposed the maximum costs allowed by the court of $300 pursuant to Wis. Stat. 814.07 against the WPD awarded to Taleavia for the WPD's unlawful seizure of her phone.

106. Pursuant to Wis. Stat. 814.07 the court could not award attorney fees despite the fact that there was no legal basis for the WPD to seize the phone for over three weeks.

107. When Taleavia Cole received her phone back from the WPD through her counsel it was broken and she no longer had access to her Facebook account.

108. When Taleavia Cole received her phone back from the WPD through counsel many of her photos and videos – including the video she recorded of the police interactions on October 8, 2020 – was no longer on her phone and upon information and belief some of the other photos/videos had been tampered with.

109. Plaintiff Taleavia at the hands of Defendant Richardson, Warren, and other John Doe Officers suffered physical discomfort and injury, including soreness and bruising from having their arms handcuffed behind their backs, head trauma, and significant emotional distress and trauma, including fear about where they would be taken and what would be done to them, from their unlawful arrest and detention.

110. Plaintiffs continue to experience post-traumatic stress and fear of on-going retaliation.

## COUNT 1
**42 U.S.C. § 1983 – Fourth Amendment - Excessive Force**
**Defendants City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, Russell Richardson, John Doe Officers**

111. Plaintiffs hereby incorporate all other paragraphs of this Complaint as it fully set forth herein.

112. At all relevant to the allegations in this Complaint, Defendants acted under color of state law, within the course and scope of their employment, and in their capacities as officers of the City of Wauwatosa or other associated police departments providing assistance to the City of Wauwatosa.

113. On October 8, 2020, at all times material hereto, Defendant Officers Daniel Mitchell, Piehl, and John Doe Officers used unnecessary, excessive force, that was objectively unreasonable in light of the facts and circumstances confronting them against Plaintiff Tracy Cole.

114. Plaintiff Tracy Cole had a protected Fourth Amendment right against being victimized by the use of excessive force at the hands of law enforcement and gave no officers a reason to fear for their safety.

115. The force used against Tracy Cole was intentional and objectively unreasonable in light of the circumstances confronting the officers.

116. Plaintiff Tracy Cole did not pose an immediate threat to the safety of anyone including Defendant officers and she was not trying to resist detention or attempting to flee.

117. Defendant Officers did not have a legally valid basis to seize Plaintiff Tracy Cole in the manner and with the level of force used under the circumstances.

118. On October 8, 2020, at all times material hereto, the Defendant Officers Russell Richardson and John Doe Officers used unnecessary, excessive force, without legal cause that was objectively unreasonable in light of the facts and circumstances confronting them against Plaintiff Taleavia Cole.

119. Specifically, Defendants Russell Richardson and John Doe Officers actions of slamming Plaintiff Taleavia Cole to the ground, pointing a gun at her, and putting a knee on her back with was excessive and objectively unreasonable.

120. Plaintiff Taleavia Cole did not pose an immediate threat to the safety of any of the officers or others and she was not trying to resist detention or attempting to flee.

121. The force used against Taleavia Cole was intentional and objectively unreasonable in light of the circumstances confronting the officers.

122. Plaintiff Taleavia Cole did not pose an immediate threat to the safety of anyone including Defendant officers and she was not trying to resist detention or attempting to flee.

123. Defendant Officers did not have a legally valid basis to seize Plaintiff Taleavia Cole in the manner and with the level of force used under the circumstances.

124. Plaintiffs Tracy Cole and Taleavia Cole had a protected Fourth Amendment right against being victimized by the use of excessive force at the hands of law enforcement personnel. Defendants did not have a legally valid basis to seize Plaintiffs in the manner and with the level. of force used under the circumstances presented.

125. Defendants recklessly created a situation in which they used force against Plaintiffs Tracy and Taleavia Cole.

126. At the time when Defendants used excessive force against Plaintiffs, Tracy and Taleavia Cole had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be secure from unreasonable seizure through excessive force. Any reasonable law enforcement officer knew or should have known of this clearly established right.

127.Defendants engaged in these actions intentionally, willfully, maliciously, and wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiffs' constitutionally protected rights.

128. By using excessive force, Defendants violated the Plaintiffs' right to privacy and bodily integrity protected by the Fourth and Fourteenth Amendments.

129. At all times herein, Plaintiffs did not harm anyone, and was not imminent. threat, nor any kind of threat to anyone or anything.

130. Defendants recklessly created a situation in which they used force.

131. As alleged in detail above, Defendant Wauwatosa and Barry Weber have a custom, policy, or practice of tolerating violations of the Fourth Amendment of the United States Constitution. Upon information and belief this this is manifested through, among other things, WPD's grossly inadequate training, supervision, and discipline of its officers relating to the use of excessive force.

132. The actions of Defendants were authorized (before and during the fact), and ratified (after the fact), by final policymakers for Defendant Wauwatosa by Defendant Barry Weber.

133. Defendant City of Wauwatosa's customs, policies, and/or practices, and the decisions of its final policymakers, were the moving force behind Defendants' violation of Plaintiff's constitutional rights.

134. By using excessive force, Defendants violated the Plaintiffs' right to privacy and bodily integrity protected by the Fourth and Fourteenth Amendments.

135. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries, damages, and losses.

136. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiffs of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

## COUNT 2
### 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT- EXCESSIVE FORCE
### Defendants City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, Russell Richardson, John Doe Officers

137. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

138. At all times relevant to the allegations in this Complaint, Defendants acted under color of state law, within the course and scope of their employment, and in their capacities as officers of the City of Wauwatosa or other associated law enforcement agencies providing assistance to the City of Wauwatosa under agreements for mutual aid.

139. Such politically motivated retaliatory animus is not a legitimate, much less

substantial or significant, government interest.

140. At the time of the events in question, the law was clearly established that retaliatory animus is not a legitimate, much less substantial, government interest. Any reasonable officer would have been on notice that selectively using their law-enforcement powers because of retaliatory animus violated the Equal Protection Clause.

141. As elaborated elsewhere in this complaint, the retaliatory animus was embodied in an official City policy or practice, and the retaliatory actions taken against Plaintiffs were attributable to City policymakers.

142. For these violations of his Fourteenth Amendment rights, Plaintiffs are seeking damages against the City of Wauwatosa, the Chief of Wauwatosa, as well as damages against the remaining individual-officer defendants.

143. Defendants City of Wauwatosa customs, policies, and/or practices, and the decisions of its final policymakers, Defendant Weber, were the moving force behind Defendants' violation of Plaintiffs' constitutional rights.

144. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiffs' injuries, damages, and losses.

145. Defendants' intentional actions or inactions as described herein intentionally deprived Tracy Cole and Taleavia Cole of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

## COUNT 3
## 42 U.S.C. § 1983 – UNLAWFUL SEARCH AND SEIZURE
## Defendants City of Wauwatosa, Barry Weber, and John Doe Officers

147. Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

148. On October 8, 2020 Taleavia Cole's phone was seized by John Doe Officers without a warrant.

149. Defendants John Doe Officers and City of Wauwatosa did not have a warrant, consent or other probable cause when they conducted a search of the phone of Taleavia Cole.

150. Defendants John Doe Officers and Wauwatosa did not have a warrant, consent or other probable cause when they seized of the phone of Taleavia Cole on October 8, 2020 and refused to give it back.

151. On October 9, 12, 13, 14, 15, and 29th, Taleavia Cole through counsel, tried unsuccessfully to get her phone back from Defendants City of Wauwatosa through its Police Department who unlawfully and maliciously refused to give it back despite the lack of probable cause to hold it and they never attempted to get a search warrant for her phone.

152. Upon information and belief, Plaintiff Taleavia's phone was searched by Defendants City of Wauwatosa through its Police Department and John Doe Officers while it was in the possession of the WPD.

153. As a result of Defendant City of Wauwatosa and John Doe Officers refusal to return her phone, Plaintiff Taleavia, filed a motion to return her property with the Milwaukee County District Court Judge Pocan's Court 20 CV 6184.

154. On October 30, 2020 in Milwaukee County Judge Pocan's court the WPD through its attorney Hanna Kolberg acknowledged that the WPD never had a search warrant.

155. From October 8, 2020 to October 30, 2020 the City of Wauwatosa had no legal basis to continue keep Taleavia Cole's phone for over three weeks.

156. On December 22, 2020, Judge Pocan agreed that the WPD had no legal basis to keep Taleavia's phone especially as long as they did and imposed the maximum sanctions of $200 against the WPD as allowed by law to be awarded to Taleavia for the unlawful seizure.

157. While the phone was in the custody of the WPD through Defendants City of Wauwatosa through its Police Department and John Doe Officers Taleavia's Facebook account, photos, videos – including the video she recorded of the police interactions on October 8, 2020 – and other videos was tampered with and disappeared.

158. While Taleavia's phone was in the possession of the Defendant City of Wauwatosa through its police department and John Doe officers her facebook account was tampered with.

159. Since getting her broken phone Taleavia Cole's work was also affected by her not having access to her phone.

160. As a result of Defendant's actions, Plaintiff Taleavia Cole is entitled to damages including attorney's fees for such unlawful acts.

161. At all times relevant to this Complaint, Defendants were acting under color of state law.

**<u>COUNT 4</u>**
**42 U.S.C. § 1983 - Punitive Damages**
**Against all Defendants**

162. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

163. The conduct of the Defendants was motivated by evil motive or intent and involved the reckless or callous indifference to federally protected rights of the Plaintiffs, who was subjected to excessive force despite being peacefully demonstrating and no threat to officers or others.

164. The conduct of the Defendants was outrageous, reprehensible, intentional, and malicious, and caused significant physical and emotional damages that the Plaintiffs continue to suffer from and will continue to suffer from.

165. Defendants should be punished for their conduct, and Defendants and others deterred from similar extreme conduct in the future.

166. Plaintiffs are entitled to the maximum award of punitive damages allowed by law.

**<u>COUNT 5</u>**
**Assault**
**Defendants City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, Russell Richardson, and John Doe Officers**

167. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

168. In pulling Tracy Cole out of the car by her hair, punching her, tasing her, and slamming her to the ground, Defendants Mitchell, Piehl, and John Doe officers committed bodily harm.

169. In pulling Taleavia Cole out of the car, putting a knee to the back of her neck, and pointing a gun to her head, Defendants Richardson and John Doe officers committed bodily harm.

170. Defendants Mitchell, Piehl, and John Doe officers did commit acts of assault on Plaintiffs Tracy Cole.

171. Defendants Richardson and John Doe officers did commit acts of assault on Taleavia Cole.

236. As a result of the assault, Plaintiffs were harmed in an amount to be determined by a jury.

**<u>COUNT 6</u>**
**Battery**
**Defendants City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, Russell Richardson, and John Doe Officers**

237. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

238. Battery is defined in Wisconsin as the intentional causation of bodily harm to the person of another without that person's consent.

239. Wisconsin permits civil claims for battery. *See* Wis. Stat. § 893.57.

240. Battery is considered an intentional tort.

241. Tracy Cole did not consent to being injured.

242. Taleavia Cole did not consent to being injured.

243. In pulling, slamming, punching, and putting knees on Plaintiffs and in striking Defendant Officers and John Doe did commit an act of battery on either of them.

244. As a result of the battery, Plaintiffs were harmed in an amount to be determined by a jury.

**<u>COUNT 7</u>**
**State Law Indemnification**
**Against City of Wauwatosa**

245. Plaintiff's realleges and incorporate here all paragraphs of this Complaint as though fully set forth.

246. Pursuant to Wis. Stat. § 895.46, Defendant City of Wauwatosa is obligated to pay any tort judgment for damages for which its employees are liable for acts occurring within the scope of their employment.

247. At all times material hereto, Defendants were carrying out their duties as agents of the various government or law enforcement agencies and were acting within the scope of their employment with the City of Wauwatosa's Police Department.

248. That the conduct of Defendants, as set forth in the preceding paragraphs resulted in injuries to Plaintiffs.

249. That Defendant government agency is liable, pursuant to Wisconsin Statute Section 895.46, for any judgement entered against the Defendants in this action because, at all times material hereto, the Defendants were carrying out their duties as government officials, agents or law enforcement officers and were acting within the scope of their respective employment.

WHEREFORE, Plaintiffs respectfully demand relief, jointly and severally against all Defendants as follows: A declaration that Defendants' conduct violated the First, Fourth, and Fourteenth Amendments of the United States Constitution;

1. Compensatory damages for the physical, emotional, and economic injuries suffered by Tracy Cole and Taleavia Cole by reason of the Defendants' unconstitutional, unjustified, excessive, and unreasonable actions and policies, in an amount fair, just, and reasonable and in conformity with the evidence at trial;
2. Compensatory damages for Taleavia Cole and Tracy Cole for the assaults, battery, and the violations of their state constitutional rights in an amount fair, just, and reasonable and in conformity with the evidence at trial;
3. Compensatory damages for the unlawful seizure of Taleavia Cole's phone.
4. Compensatory damages for the unlawful search of Taleavia Cole's phone and social media accounts.
5. Punitive and exemplary damages to the extent allowable by law for;

6. Attorneys' fees and costs as allowed, pursuant to 42 U.S.C. §1988; and

7. Such other and further relief as appears just and proper.

8. That the governmental agencies are liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the Defendants in this action because Defendants were acting within the scope of their employment when they committed the above-mentioned actions.

DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury.

Respectfully submitted this 6th day of October 2023.

PLAINTIFFS HEREBY DEMANDS A JURY TRIAL OF THIS MATTER ON ALL ISSUES SO TRIABLE.


MOTLEY LEGAL SERVICES

s:/ Kimberley Cy. Motley
State Bar No.: 1047193
P.O. Box 1433
Matthews, North Carolina 28106
Email : kmotley@motleylegal.com
Telephone : (704) 763-5413

**ATTORNEY FOR PLAINTIFFS**