# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TRAY COLE, and
TALEAVIA COLE

          Plaintiffs,

v.                                         CASE NO.: 23cv01321

CITY OF WAUWATOSA,
FORMER CHIEF BARRY WEBER,
DANIEL MITCHELL,
ROBERT PIEHL,
ESTATE OF RUSSELL RICHARDSON, and
JOHN DOES POLICE OFFICERS 1– 100,

          Defendants.

## DEFENDANTS' CITY OF WAUWATOSA, BARRY WEBER, DANIEL MITCHELL, AND ROBERT PIEHL'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants, City of Wauwatosa, Former Chief Barry Weber, Daniel Mitchell, and Robert Piehl, by their attorneys, WIRTH + BAYNARD, submit their Answer and Affirmative Defenses to Plaintiffs' Amended Complaint (Dkt. No. 15) as follows:

### INTRODUCTION

1.     Answering paragraph 1, deny that these responding Defendants violated any law or legal duty as alleged, or otherwise; as to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore deny and put Plaintiffs to their proof.

### NATURE OF THE CLAIM

2.     Answering paragraph 2, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. Assert that all other allegations in this Paragraph are conclusions of law to which no response is required.

1

3.      Answering paragraph 3, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. Assert that all other allegations in this Paragraph are conclusions of law to which no response is required.

4.      Answering paragraph 4, lack knowledge and information to form a belief as to the truth of the allegation and put plaintiffs to their proof.

5.      Answering paragraph 5, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information to form a belief as to the truth of the allegation and put plaintiffs to their proof.

6.      Answering paragraph 6, deny Tracy Cole was forced out of the car by her hair, punched, and tased several times by officers. Admit Tracy Cole was taken to the hospital. As to the remaining allegations, lack knowledge and information to form a belief as to the truth of the allegation and put plaintiffs to their proof.

7.      Answering paragraph 7, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information to form a belief as to the truth of the allegation and put plaintiffs to their proof.

8.      Answering paragraph 8, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information to form a belief as to the truth of the allegation and put plaintiffs to their proof.

9.      Answering paragraph 9, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack

knowledge and information to form a belief as to the truth of the allegation and put plaintiffs to their proof.

10.     Answering paragraph 10, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

## JURISDICTION AND VENUE

11.     Answering paragraph 11, assert that the allegations in this Paragraph are conclusions of law to which no response is required.

12.     Answering paragraph 12, assert that the allegations in this Paragraph are conclusions of law to which no response is required.

## JURY DEMAND

13.     Answering paragraph 13, assert that the allegations in this Paragraph are conclusions of law to which no response is required.

## THE PARTIES TO THE COMPLAINT

14.     Answering paragraph 14, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

15.     Answering paragraph 15, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

16.     Answering paragraph 16, admit.

17.     Answering paragraph 17, assert that the allegation Weber is named in his individual capacity and official capacity is a conclusion of law to which no response is required. As to the remaining allegations in this paragraph, admit.

19. Answering paragraph 19, assert that the allegation Daniel Mitchell is named in his individual capacity is a conclusion of law to which no response is required. As to the remaining allegations in this paragraph, admit.

21. Answering paragraph 21, assert that the allegation Robert Piehl is named in his individual capacity is a conclusion of law to which no response is required. As to the remaining allegations in this paragraph, admit.

22. Answering paragraph 22, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

28. Answering paragraph 28, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

29. Answering paragraph 29, upon information and belief, admit.

## STATEMENT OF FACTS

30. Answering paragraph 30, upon information and belief, admit that Wauwatosa experienced protests. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

31. Answering paragraph 31, admit.

32. Answering paragraph 32, upon information and belief, admit.

33. Answering paragraph 33, upon information and belief, admit.

34. Answering paragraph 34, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, admit that protests occurred in the City of Wauwatosa from May 25, 2020, onward.

35. Answering paragraph 35, upon information and belief, admit.

36. Answering paragraph 36, admit.

4

37.     Answering paragraph 37, admit.

38.     Answering paragraph 38, admit.

39.     Answering paragraph 39, admit that the national guard was present. As to the reaming allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

40.     Answering paragraph 40, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

41.     Answering paragraph 41, deny.

42.     Answering paragraph 42, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

43.     Answering paragraph 43, admit that Tracy Cole was taken to the hospital. As to the reaming allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

44.     Answering paragraph 44, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

45.     Answering paragraph 45, admit.

46.     Answering paragraph 46, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

47.     Answering paragraph 47, admit that around 7:00 p.m. armored vehicles and lines of personnel wearing riot gear were on the streets of Wauwatosa. As to the remaining allegations, deny rubber bullets were shot at plaintiffs on October 8, 2020.

5

48.     Answering paragraph 48, admit that some protestors were shot with rubber bullets. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

49.     Answering paragraph 49, admit persons were instructed to leave Wauwatosa after 7:00 p.m., when the curfew went into effect.

50.     Answering paragraph 50, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

51.     Answering paragraph 51, deny.

52.     Answering paragraph 52, deny.

53.     Answering paragraph 53, deny.

54.     Answering paragraph 54, deny.

55.     Answering paragraph 55, deny.

56.     Answering paragraph 56, deny.

57.     Answering paragraph 57, deny.

58.     Answering paragraph 58, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, admit that while on the ground, Tracy claimed she could not breathe, and her arm hurt.

59.     Answering paragraph 59, deny.

60.     Answering paragraph 60, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny

61.     Answering paragraph 61, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

62.     Answering paragraph 62, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

63.     Answering paragraph 63, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

64.     Answering paragraph 64, admit that officers repeatedly told Tracy Cole to "stop resisting." As to the remaining allegations, deny.

65.     Answering paragraph 65, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

66.     Answering paragraph 66, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

67.     Answering paragraph 67, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

68.     Answering paragraph 68, upon information and belief, admit she was not physically given any ticket or citation on the evening of October 8, 2020.

69.     Answering paragraph 69, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

70.     Answering paragraph 70, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

71.     Answering paragraph 71, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

72.     Answering paragraph 72, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

73.     Answering paragraph 73, deny.

74.     Answering paragraph 74, deny.

75.     Answering paragraph 75, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, admit stop stickers were deployed to prevent vehicles from fleeing the area.

76.     Answering paragraph 76, deny.

77.     Answering paragraph 77, deny.

78.     Answering paragraph 78, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, deny.

79.     Answering paragraph 79, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

80.     Answering paragraph 80, deny.

81.     Answering paragraph 81, admit one of the reasons deny Taleavia Cole was stopped "only" for a noncriminal curfew violation. Admit she was given a ticket.

82.     Answering paragraph 82, deny.

83.     Answering paragraph 83, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

84.     Answering paragraph 84, deny.

85.     Answering paragraph 85, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

86. Answering paragraph 86, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

87. Answering paragraph87, upon information and belief, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

88. Answering paragraph 88, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

89. Answering paragraph 89, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

90. Answering paragraph 90, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

91. Answering paragraph 91, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

92. Answering paragraph 92, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

93. Answering paragraph 93, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

94. Answering paragraph 94, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, admit.

95. Answering paragraph 95, upon information and belief, admit.

96. Answering paragraph 96, upon information and belief, admit.

97. Answering paragraph 97, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack

knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

98.   Answering paragraph 98, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

99.   Answering paragraph 99, deny.

100.   Answering paragraph 100, deny.

101.   Answering paragraph 101, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, upon information and belief, admit.

102.   Answering paragraph 102, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, upon information and belief, admit.

103.   Answering paragraph 103, upon information and belief, admit.

104.   Answering paragraph 104, upon information and belief, admit.

105.   Answering paragraph 105, lack knowledge and information sufficient to form a believe as to the truth of the allegations and put plaintiffs to their proof.

106.   Answering paragraph 106, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information sufficient to form a believe as to the truth of the allegations and put plaintiffs to their proof.

107.   Answering paragraph 107, lack knowledge and information sufficient to form a believe as to the truth of the allegations and put plaintiffs to their proof.

108.    Answering paragraph 108, lack knowledge and information sufficient to form a believe as to the truth of the allegations and put plaintiffs to their proof.

109.    Answering paragraph 109, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information sufficient to form a believe as to the truth of the allegations and put plaintiffs to their proof.

110    Answering paragraph 110, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

**COUNT 1**
**42 U.S.C. § 1983 – Fourth Amendment – Excessive Force**
**Defendants City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, Russell Richardson, John Doe Officers**

111.    Answering paragraph 111, Defendants incorporate by reference the answers contained in the foregoing paragraphs.

112.    Answering paragraph 112, upon information and belief, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

113.    Answering paragraph 113, deny.

114.    Answering paragraph 114, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, admit.

115.    Answering paragraph 115, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

116.    Answering paragraph 116, deny.

117.    Answering paragraph 117, deny.

118.    Answering paragraph 118, deny.

11

119.    Answering paragraph 119, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

120.    Answering paragraph 120, deny.

121.    Answering paragraph 121, deny.

122.    Answering paragraph 122, deny.

123.    Answering paragraph 123, deny.

124.    Answering paragraph 124, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, admit.

125.    Answering paragraph 125, deny.

126.    Answering paragraph 126, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, admit.

127.    Answering paragraph 127, deny.

128.    Answering paragraph 128, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

129.    Answering paragraph 129, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

130.    Answering paragraph 130, deny.

131.    Answering paragraph 131, deny.

132.    Answering paragraph 132, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

133.    Answering paragraph 133, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

134.    Answering paragraph 134, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

135.    Answering paragraph 135, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

136.    Answering paragraph 136, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

**COUNT 2**
**42 U.S.C. § 1983 – FOURTEENTH AMENDMENT – EXCESSIVE FORCE**
**Defendants City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, Russell Richardson, John Doe Officers**

137.    Answering paragraph 137, Defendants incorporate by reference the answers contained in the foregoing paragraphs.

138.    Answering paragraph 138, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

139.    Answering paragraph 139, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

140.    Answering paragraph 140, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. Assert that all other allegations in this Paragraph are conclusions of law to which no response is required.

141.    Answering paragraph 141, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. Assert that all other allegations in this Paragraph are conclusions of law to which no response is required.

142.    Answering paragraph 142, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. Assert that all other allegations in this Paragraph are conclusions of law to which no response is required.

13

143.    Answering paragraph 143, deny.

144.    Answering paragraph 144, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

145.    Answering paragraph 145, deny.

**COUNT 3**
**42 U.S.C. – UNLAWFUL SEARCH AND SEIZURE**
**Defendants City of Wauwatosa, Barry Weber, and John Doe Officers**

146.    [No ⁋ 146]

147.    Answering paragraph 147, Defendants incorporate by reference the answers contained in the foregoing paragraphs.

148.    Answering paragraph 148, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, upon information and belief, admit.

149.    Answering paragraph 149, deny Defendants conducted a search of the phone of Taleavia Cole.

150.    Answering paragraph 150, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

151.    Answering paragraph 151, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

152.    Answering paragraph 152, deny.

14

153.     Answering paragraph 153, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, upon information and belief, admit.

154.     Answering paragraph 154, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

155.     Answering paragraph 155, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

156.     Answering paragraph 156, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

157.     Answering paragraph 157, deny.

158.     Answering paragraph 158, deny.

159.     Answering paragraph 159, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

160.     Answering paragraph 160, assert that the allegations in this Paragraph are conclusions of law to which no response is required.

15

161. Answering paragraph 161, lack knowledge and information sufficient to form a belief as to the truth of the allegations and put plaintiffs to their proof.

## COUNT 4
### 42 U.S.C. § 1983 – Punitive Damages
### Against all Defendants

162. Answering paragraph 162, Defendants incorporate by reference the answers contained in the foregoing paragraphs.

163. Answering paragraph 163, deny.

164. Answering paragraph 164, deny.

165. Answering paragraph 165, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

166. Answering paragraph 166, assert that the allegations in this Paragraph are conclusions of law to which no response is required.

## COUNT 5
### Assault
### Defendants City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl,
### Russell Richardson, and John Doe Officers

167. Answering paragraph 167, Defendants incorporate by reference the answers contained in the foregoing paragraphs.

168. Answering paragraph 168, deny Tracy Cole was pulled out of her car by her hair, punched, tased, and slammed to the ground.

169. Answering paragraph 169, deny Tracy Cole was pulled out of the car, had a knee to the back of her neck, and a gun pointed to her head.

170. Answering paragraph 170, deny.

171. Answering paragraph 171, deny.

16

236.     Answering paragraph 236, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny.

## COUNT 6
### Battery
### Defendants City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, Russell Richardson, and John Doe Officers

237.     Answering paragraph 237, Defendants incorporate by reference the answers contained in the foregoing paragraphs.

238.     Answering paragraph 238, assert that the allegation in this Paragraph is a conclusion of law to which no response is required.

239.     Answering paragraph 239, assert that the allegation in this Paragraph is a conclusion of law to which no response is required.

240.     Answering paragraph 240, assert that the allegation in this Paragraph is a conclusion of law to which no response is required.

241.     Answering paragraph 241, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information to form a belief as to the truth of the allegation and put plaintiffs to their proof.

242.     Answering paragraph 242, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information to form a belief as to the truth of the allegation and put plaintiffs to their proof.

243.     Answering paragraph 243, deny responding Defendants pulled, slammed, punched, and put knees on plaintiffs.

17

244.     Answering paragraph 244, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information to form a belief as to the truth of the allegation and put plaintiffs to their proof.

## COUNT 7
## State Law Indemnification
## Against City of Wauwatosa

245.     Answering paragraph 245, Defendants incorporate by reference the answers contained in the foregoing paragraphs.

246.     Answering paragraph 246, assert that the allegations in this Paragraph are conclusions of law to which no response is required.

247.     Answering paragraph 247, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, admit.

248.     Answering paragraph 248, any allegations that purport to make a claim of improper or unlawful conduct on the part of defendants, deny. As to the remaining allegations, lack knowledge and information to form a belief as to the truth of the allegation and put plaintiffs to their proof.

249.     Answering paragraph 249, assert that the allegations in this Paragraph are conclusions of law to which no response is required.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.     Any injuries or damages suffered by Plaintiffs were caused by their own conduct and/or the conduct and contributory negligence of a third party other than the Defendants.

4.     Plaintiffs may have failed to mitigate her damages.

18

5.     The conduct attributed to these responding Defendants did not constitute any violation of a cognizable constitutional right and this action must be summarily dismissed.

6.     All of the acts of the responding Defendants were undertaken in good faith and not motivated by malice or the intent to harm.

7.     The defendants are not liable under 42 USC §1983 because their actions were constitutional under the circumstances or exigent circumstances and did not compromise or deprive the plaintiff of any rights.

8.     The Defendants acted at all times reasonably and with a good faith belief that their actions were lawful and were not in violation of any federal or state constitutional right.

9.     Plaintiffs are not entitled to punitive damages.

10.     The Defendants acted within the discretionary scope of their authority as public officials in response to the circumstances and/or exigent circumstances.

11.     Defendants are entitled to discretionary act immunity.

12.     The actions of the responding individual Defendants were objectively reasonable, and they are entitled to immunity and/or qualified immunity from claims, as well as limitations on actions and damages, as provided by Wisconsin Statutes, by federal regulations, and by operation of state and federal common law.

13.     Plaintiffs' claims are barred under theories of Res Judicata, claim preclusions, and/or issue preclusion.

**WHEREFORE** Defendants request judgment as follows:

1.     Dismissing the Complaint of the Plaintiffs on its merits, together with costs and disbursements as well as attorney's fees in favor of Defendants.

2.     For such other further relief as the Court may deem just and equitable and to which the Defendants are entitled.

Dated at Wauwatosa, Wisconsin this 8th day of January 2024.

**WIRTH + BAYNARD**
Attorneys for Defendants, City of Wauwatosa, Barry Weber, Daniel Mitchell, and Robert Piehl

BY:     _/s/ Jasmyne M. Baynard_
Jasmyne M. Baynard (SBN: 1099898)
Email: jmb@wbattys.com
9898 W. Bluemound Rd. Suite 2
Wauwatosa, WI 53226
P: (414) 291-7979