UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

TRAY COLE and TALEAVIA COLE,

                Plaintiffs,

v.                                                                                      CASE NO.: 23cv01321

CITY OF WAUWATOSA,
FORMER CHIEF BARRY WEBER,
DANIEL MITCHELL, ROBERT PIEHL,
ESTATE OF RUSSELL RICHARDSON, and
JOHN DOE POLICE OFFICERS 1– 100,

                Defendants.
_____

**DEFENDANTS' RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION TO STAY PROCEEDINGS**
_____

       Defendants, City of Wauwatosa, former Chief Barry Weber, Daniel Mitchell, Robert Piehl, and the Estate of Russell Richardson, by their attorneys, WIRTH + BAYNARD, submit the following Response Brief in Opposition to Plaintiffs' Motion to Stay Proceedings in this case.

       As this Court is aware, Plaintiffs Tracy and Taleavia Cole were also plaintiffs in a lawsuit against the City of Wauwatosa and several of its employees initiated over three years ago. *See Aaron et al., v. Ratkowski et al.*, Eastern District Case No. 20-cv-1660. That case was litigated for 2 ½ years, during which several dispositive motions were granted resulting in dismissal with prejudice of most of the claims. (*Id*. at Dkt. 332) The case was then tried before this court from May 1 – May 5, 2023, and the result was a defense verdict. (Id. at Dkt. 411) The dismissal of those claims, including those of plaintiffs Tracy and Taleavia Cole, are the subject of a pending Seventh Circuit appeal. *Kathryn Knowlton, et al. v. City of Wauwatosa, et al.*, Seventh Cir. Appeal No. 23-2135.

       After requesting several extensions and before filing their moving appellate brief, on

1

October 6, 2023, Plaintiffs, through their same attorney, filed the current duplicative action suit in the Eastern District of Wisconsin - *Cole, et al., v. City of Wauwatosa et al.,* Eastern District Case No. 23cv01321.[1] Defendants put Plaintiffs on notice that their claims were precluded under theories of res judicata, i.e., claim preclusion and claim splitting. (ECF 91-1) In response, Plaintiffs filed the instant motion to stay the proceedings pending the resolution of the appeal filed in a separate, but duplicative action. (ECF 18 at 1) For the reasons discussed below, the Court should deny Plaintiffs' request.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). However, a stay "requires a good justification." *Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995). In deciding whether to enter such a stay, courts weigh three factors: "(1) whether litigation is at an early stage; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Seaquist Closures LLC v. Rexam Plastics*, No. 08 C 106, 2008 WL 4691792, at *1 (E.D. Wis. Oct. 22, 2008).

As an initial matter, as noted in Defendants' safe harbor letter (ECF 19-1) and Rule 11 motion to be filed forthwith, it is improper for Plaintiffs to attempt to use a stay to avoid the inevitable result of the appeal in the duplicative action, *Aaron et al v. Ratkowski et al*, Eastern District Case No. 20-cv-1660, pending on appeal in *Kathryn Knowlton, et al. v. City of Wauwatosa,*

---

[1] Two additional duplicative actions were initiated while the appeal was pending. *See Lazarito Matheu et al., v. City of Wauwatosa, et al.*, Eastern District Case No. 23CV01330; and *Mariah Smith v. City of Wauwatosa et al.*, Eastern District Case No. 23CV01337. Smith was voluntarily dismissed after Defendants briefed issue preclusion. (Case No. 23CV01337 at ECFs 14,15)

*et al.*, Seventh Cir. Appeal No. 23-2135. The result of that ruling has only two outcomes—either the Appeals Court affirms the District Court's orders and jury verdict, or the Appeals Court reverses and the issues go back to the district court. For that reason alone, the court should deny the request for a stay. *Compare Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.,* No. 07-C-0391, 2012 WL 11914943, at *1 (E.D. Wis. July 24, 2012)(Stay granted where the case is ongoing and no final judgment has been entered).

Plaintiffs do not dispute that the suits are duplicative and consequently barred by res judicata. Although judgments that have not yet been, and still can be, appealed, are res judicata or have collateral-estoppel effect (*Williams v. Commissioner*, 1 F.3d at 504), the reasons are to discourage the filing of a new suit when the loser of the prior suit still has a remedy in that suit, and to discourage the parties to dawdle awaiting the decision on appeal of another suit.

Even assuming Plaintiffs' claims are not barred, Plaintiffs have failed to demonstrate a good justification for their stay. Plaintiffs' purpose in seeking a stay is to avoid potential sanctions. (ECF 18 at 1-2) Plaintiffs provide no legal authority and simply conclude without explanation that Defendants will not be "irreparably harmed" that the case is early in litigation and that it would serve public interest. (*Id*. at 3) First, litigation is not at an early stage. These claims were originally filed in 2020. After 30 months of discovery, dozens of depositions, dispositive motions, and a 5-day trial, the matter was decided by the district court and the jury. Those decisions were final and appealable.

Second, a stay will not simplify the issues because Plaintiffs' claims are pending on appeal and as noted above, there can be only two results of that appeal.

Third, a stay and allowing this case to proceed at all will unfairly prejudice Defendants. Notwithstanding the considerable resources the Court and parties spent trying the Knowlton matter to a verdict, Defendants have used resources in responding to Plaintiffs' duplicative suit and

3

putting Plaintiffs on notice of the res judicate issues.

Accordingly, Defendants request that this Court deny Plaintiffs' Motion to Stay.

Dated at Wauwatosa, Wisconsin this 31st day of January 2024.

**WIRTH + BAYNARD**
Attorneys for Defendants

BY: */s/ Jasmyne M. Baynard*
Jasmyne M. Baynard (SBN: 1099898)
Email: jmb@wbattys.com
9898 W. Bluemound Rd. Suite 2
Wauwatosa, WI 53226
P: (414) 291-7979
