UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAY COLE, and
TALEAVIA COLE,

           Plaintiffs,

v.                                                                 CASE NO.: 23cv01321

CITY OF WAUWATOSA,
FORMER CHIEF BARRY WEBER,
DANIEL MITCHELL,
ROBERT PIEHL,
ESTATE OF RUSSELL RICHARDSON, and
JOHN DOES POLICE OFFICERS 1– 100,

           Defendants.

---

## DEFENDANTS' [DRAFT] MOTION FOR SANCTIONS
## PURSUANT TO FED. R. CIV. PROC. 11

---

      Defendants, by their attorneys, WIRTH + BAYNARD, respectfully move this Court for the entry of an Order imposing sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs were alerted to the frivolousness of their claims on or about January 10, 2024, through a "safe harbor" letter. (ECF19-1) In support of their Motion, Defendants state as follows:

### INTRODUCTION

      Plaintiffs and their attorneys advanced a lawsuit that, from its inception, was frivolous, dilatory, and without merit. This lawsuit represents a profound abuse of the judicial process. It is one thing to take on the charge of vindicating rights associated with alleged civil rights violations. It is another to take on the charge of deceiving a federal court and the public into believing that rights were infringed, without regard to whether those claims have already been adjudicated. That is what occurred here.

1

## STATEMENT OF CASE AND PROCEDURAL HISTORY

On March 6, 2021, Plaintiffs Tracy Cole and Taleavia Cole were named as plaintiffs in a lawsuit against the City of Wauwatosa and several of its employees. (*See Aaron et al v. Ratkowski et al*, Eastern District Case No. 20-cv-1660 at ECF 24, ¶¶ 17, 18)[1] That Complaint was amended several times, with the operative version being submitted on February 15, 2022, wherein Tracy Cole and Taleavia Cole remained Plaintiffs. (*Knowlton,* ECF 155 ¶¶ 33, 34)

Plaintiffs brought fourteen causes of action pursuant to 42 U.S.C. §1983 – First Amendment Violation (Curfew Order) (Claim One); Fourteenth Amendment – Due Process Denial (Claim Three); First and Fourteenth Amendment (Protestor List) (Claim Four); First Amendment Retaliation (Claim Five); Deliberate Indifference (Claim Six); Excessive Force (Claim Eight); Unlawful Arrest (Claim Nine); Unlawful Search and Seizure of Cars, Phones (Claim Ten); as well as Equal Protection (Claim Twelve); the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §2721; Title VI; and Wisconsin state law.

Defendants moved to dismiss the Fourth Amended Complaint (*Knowlton,* ECF 177). On August 24, 2022, Judge Joseph dismissed Plaintiffs' claims of Deliberate Indifference against Barry Weber, Excessive Force against Mitchell, Piehl, Richardson, and John Doe Officers, Unlawful Arrest against Mitchell, Piehl, Richardson, and John Doe Officers, Unlawful Search and Seizure against Mitchell, Piehl, Richardson, and John Doe Officers, Violation of Title VI against Barry Weber, Denial of Due Process against the City of Wauwatosa, and Equal Protection against John Doe Officers, **with prejudice**. *See generally* (*Knowlton,* ECF 190 p. 23-24)

---

[1] This matter was referred to as the "Knowlton" case through its pendency and for the purpose of this motion Eastern District Case No. 20CV1660 will be referred to as "Knowlton" when citing the district courts' electronic filing system.

On December 19, 2022, Defendants moved for Summary Judgment (*Knowlton,* ECF 257) on the remaining claims, and on June 7, 2023, Judge Joseph dismissed the Plaintiffs' § 1983 First Amendment claim; Title VI claim against Wauwatosa; and state law claim of malicious prosecution. (*Knowlton,* ECF 332) The remaining claims went to trial in May of 2023 and resulted in a defense verdict. (*Knowlton,* ECF 411).

On November 28, 2023, the Plaintiffs filed an appeal specifically seek reversal of this court's order dismissing the Fourth Amended Complaint and in doing so, ask the Seventh Circuit to reinstate the individual capacity claim against Jeffrey Farina, Joseph Lewandowski, Dennis McBride, Daniel Mitchell, Robert Piehl, George Opelt, Luke Vetter, Barry Weber, Timothy Warren, Russell Richardson, James Short, Kelly Zielinski, and John Doe Officers 1 – 100. (*Kathryn Knowlton, et al. v. City of Wauwatosa, et al*., Seventh Cir. Appeal No. 23-2135, ECF 23 Appellants Brief at pp. 26-32)

On October 6, 2023, Plaintiffs, through the same attorney, Kimberly Motley, filed the current suit in the Eastern District of Wisconsin against the City of Wauwatosa, Barry Weber, Daniel Mitchell, Rober Piehl, the Estate of Russell Richardson, and John Doe Officers alleging excessive force (first and second claims), unlawful search and seizure (third claim), punitive damages (fourth claim), assault and battery (fifth and sixth claims), and state law indemnification (seventh claim). (*Cole, et al., v. City of Wauwatosa et al*., Eastern District Case No. 23cv01321, ECF 1 at ¶¶ 111-249). Plaintiffs' lawsuit asserts constitutional violations stemming from their alleged arrest on October 8, 2020. Just as in the prior lawsuit, in the present case, the Plaintiffs claim that on October 8, 2020, they were traveling in a vehicle [separate vehicles], when unidentified John Doe Officers prevented them from leaving Wauwatosa, and they were unlawfully detained and subjected to excessive force. (*Id*.) Furthermore, just as in the prior

lawsuit, in the present case, Plaintiffs assert a 42 U.S.C. § 1983 claim against several defendants, including Wauwatosa Police Officers Daniel Mitchell, Robert Piehl, Russell Richardson, and unidentified John Doe Police Officers who allegedly used excessive force against Plaintiffs and unlawfully arrested them. (*Id*. at ¶¶ 51-64, 75-78)

## LEGAL STANDARD

Federal Rule of Civil Procedure 11 imposes a set of duties on those who file papers with the court. It also provides for an appropriate sanction to be imposed if those duties are violated. Rule 11(b) states, in pertinent part:

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

Fed. R. Civ. P. 11(b)(1)–(3). The Rule grants a court discretion to impose an appropriate sanction for violations of these obligations, which may include "nonmonetary directives; an order to pay a penalty into court; or if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.,* 11(c)(4).

The duties imposed in Rule 11—coupled with the available sanctions—ensure that the "powerful, intimidating, and often expensive" machinery of the federal judiciary "[is] engaged

4

Case 2:23-cv-01321-NJ   Filed 02/14/24   Page 4 of 11   Document 21

only to address claims and defenses that have a reasonable basis in fact and law and that are asserted only for a proper purpose." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 883 (7th Cir. 2017). Toward that end, the Rule imposes an objective standard of reasonableness on a party's or lawyer's action. *Id.* at 885. As the Seventh Circuit has explained, the Rule "[leaves] no room for an 'empty head, pure heart' defense." *Id.* Additionally, in this context, a bad claim spoils the bunch; one cannot avoid sanctions for frivolous claims simply because they were included with one or more non-frivolous claims. *Reed v. Great Lakes Cos., Inc.,* 330 F.3d 931, 936 (7th Cir. 2003).

A district court enjoys broad discretion in arriving at a sanctions award that it believes will serve the deterrent purpose of Rule 11. *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003); *Fries v. Helsper*, 146 F.3d 452, 459 (7th Cir. 1998) (noting that district courts have "significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person(s)."

**ARGUMENT**

Sanctions are a serious matter, not to be pursued unless the facts clearly call for it. Sanctions are undoubtedly appropriate here where there is no doubt that the Plaintiffs' counsel initiated this suit in contravention of Rule 11. Plaintiffs are attempting to re-litigate claims that have been disposed of and are on appeal. Both lawsuits stem from the same set of facts and allege that on October 8, 2020, Tracy Cole and Taleavia Cole were attempting to leave the City of Wauwatosa when they were stopped, (*Knowlton*, ECF 155 ¶¶ 304-327, 336-372) Indeed, Paragraphs 304-327 and 336-372 of the Fourth Amended Complaint filed in Case No. 20-cv-1660 were essentially copied and pasted and now reflect paragraphs 46-110 in Case No. 23cv01321. *Compare* (23cv01321 ECF 1 at ¶¶ 46-

110 and *Knowlton*, ECF 155 at ¶¶ 304-327, 336-372) Most problematic is that both lawsuits were brought by the same attorney, thus there can be no claim of ignorance. As described herein, this is wholly improper, a waste of the City's and the Court's resources, and warrants sanctions.

I. **PLAINTIFFS' LAWSUIT WARRANTED BY EXISTING LAW.**

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The doctrine aims to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id*. "Res judicata promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being hauled into court repeatedly." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011).

When a plaintiff brings a case "arising from the same transaction or events underlying a previous suit, simply by a change of legal theory," claim splitting has occurred, and the case cannot be maintained. *Carr v. Tillery*, 51 F.3d 909, 913 (7th Cir. 2010). The doctrine of claim splitting is "related to, but distinct from, the doctrine of claim preclusion." *Roumann Consulting Inc. v. Symbiont Construction, Inc.*, Case No. 18-C-1551, 2019 WL 3501527, at *6 (E.D. Wis. Aug. 1, 2019). While both doctrines serve to promote judicial economy and shield parties from vexatious litigation, "claim splitting is more concerned with the district court's comprehensive management of its docket, whereas claim preclusion focuses on protecting the finality of judgments." *Id*.

Notwithstanding these differences, claim splitting draws on the law of claim preclusion when determining whether the second lawsuit should be dismissed. Claim preclusion applies where there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in

the first; and (3) an identity of the causes of action. *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 840 (7th Cir. 2015). Claim splitting does not require claim preclusion's second factor, the finality of the judgment. *Katz v. Gerardi*, 655 F.3d 1212, 1218 (7th Cir. 2011). The court examines only whether there is an identity of the parties and the causes of action between the Knowlton action and the Cole action.

"Whether there is an identity of the cause of action depends on 'whether the claims comprise the same core of operative facts that give rise to a remedy.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014)(quoting *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.,* 649 F.3d 539, 547 (7th Cir. 2011)). "Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action." *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir. 2000). Thus, "a plaintiff cannot evade preclusion by identify[ing] a slightly different cause of action with one element different from those in the first, second, or third lawsuits between the same parties arising from the same events." *Barr,* 796 F.3d at 840 (quoting *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011)). Moreover, "[r]es judicata bars not only those issues which were actually decided in a prior suit but also all issues which could have been raised in that action." *Brzowstowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995); *Car Carriers, Inc. v. Ford Motor Co*., 789 F.2d 589, 593 (7th Cir. 1986)("Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.").

> **A. Plaintiffs' Claims Brought Against the City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, and Russell Richardson Are Barred By The Doctrine of Res Judicata.**

Under the doctrine of issue preclusion, an issue cannot be litigated a second time between the same parties when it has already "been determined by a valid and final judgment." *Patrick v.*

*City of Chicago*, 81 F.4th 730, 735–36 (7th Cir. 2023). Issue preclusion bars subsequent litigation if four conditions are met: (1) the issue to be precluded is the same as that involved in the prior action, (2) the issue was actually litigated, (3) the determination of the issue was essential to the final judgment, and (4) the party against whom preclusion is invoked was fully represented in the prior action. Only when a party did not have a full and fair opportunity to litigate issues in their earlier case does res judicata not apply. *Jones v. City of Alton, Ill*., 757 F.2d 878, 884 (7th Cir. 1985) (citing *Haring v. Prosise*, 462 U.S. 306, 313 (1983)). This is not the case with Plaintiffs.

Plaintiffs' § 1983 excessive force and unlawful arrest claims are barred by issue preclusion. The same parties are present in both cases: Tracy Cole and Taleavia Cole as plaintiffs and the City of Wauwatosa, Weber, Mitchell, Piehl, Richardson, and "ABC" unidentified officers as defendants. (*Knowlton*, ECF 155 at ¶¶ 33, 34, 88, 90, 94, 96, 98, 107) The issues of the officers' use of force and the reasonableness of the actions (or alleged inaction) of other officers at the scene were litigated, and the Plaintiffs were fully represented in the prior lawsuit. The issues were the subject of a motion to dismiss, the claims based on those issues were dismissed with prejudice, and that dismissal is currently on appeal. (*Kathryn Knowlton, et al. v. City of Wauwatosa, et al*., Seventh Cir. Appeal No. 23-2135, ECF 23 Appellant's Brief) Dismissal of a cause of action with prejudice constitutes a final judgment on the merits for purposes of issue preclusion and bars a later suit on the same cause of action. *Quincy Mall, Inc. v. Parisian, Inc.*, 27 F. App'x 631, 636 (7th Cir. 2001).

To now bring another lawsuit stemming from the exact same incident with the same claims and issues against the same defendants is a blatant attempt to relitigate the matter.

> **B.  Plaintiffs' Claims Brought Against the City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, Russell Richardson, and John Doe Officers 1-100 Are an Impermissible Attempt at Claim-Splitting.**

"We have recognized one important practical difference between res judicata and claim splitting: claim splitting allows a trial court to exercise discretion, while res judicata does not." *Cooper v. Retrieval-Masters Creditors Bureau, Inc*., 42 F.4th 688, 697 (7th Cir. 2022)(citing *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021)). The rule against claim splitting prohibits a plaintiff from bringing a new case raising issues arising out of the same transaction or occurrence as an earlier case when those issues could have been raised in the first litigation. *Barr v. Bd. of Trustees of W. Illinois Univ*., 796 F.3d 837, 841 (7th Cir. 2015). The res judicata rule against claim-splitting applies even if the plaintiff's first suit was short-lived. *Id.*

There can be no dispute that the Plaintiffs' suit is an impermissible attempt at claim-splitting. Indeed, a simple side-by-side comparison of the complaints highlights the similarities. Both the 2020 and 2023 complaints allege that on October 8, 2020, Plaintiffs were unlawfully detained, arrested, and subjected to excessive force by employees of the Wauwatosa Police Department. Each complaint describes identical incidents, and each complaint identifies identical parties. Any change in the wording of claims between the 2020 and 2023 lawsuits is further impermissible and insufficient to resurrect claims that were previously dismissed with prejudice and are currently the subject of appeal. Plaintiffs new "assault" claims stem from the same events as the proper excessive force claim are impermissible claim-splitting.

The Seventh Circuit addressed a similar issue in *Barr v. Bd. of Trustees of W. Illinois Univ*., 796 F.3d 837 (7th Cir. 2015). The timeline in *Barr* demonstrates the following—On March 3, 2010, Barr filed a pro se complaint against the University alleging that it violated her rights under Title VII of the Civil Rights Act. In it, she claimed that the nonrenewal of her contract was in retaliation for her complaint about racial discrimination at the University. *Id*. at 838. On June 25

Barr (now represented by counsel) filed a second suit against the University's Board of Trustees alleging claims of retaliation under Title VII and Age discrimination. *Id.* at 839.

Barr never served the first suit and on August 25 the district court dismissed the first suit, with prejudice, for failure to prosecute. *Id.* at 839. The Board of Trustees learned about the first suit and moved for judgment on the pleadings, see FED.R.CIV. P. 12(c), arguing that *res judicata* blocked the second suit. The district court agreed the suit was barred and granted the motion. The Seventh Circuit affirmed and held that the professor's second lawsuit arose out of the same cause of action as the first lawsuit, as required for res judicata (specifically claim-splitting) to bar the second action. *Id.* at 840-841.

The Seventh Circuit explained, "Even if her legal theory changed between the first and second suits, both cases alleged wrongful nonrenewal and thus shared the same core factual basis for res judicata purposes." *Id.* at 841; *see*, *e.g.*, *Palka*, 662 F.3d at 437 ("[T]here is an identity of the causes of action because the Title VII claims are premised on the Palkas' termination by their respective municipal employers—the same transactions at issue in their § 1983 cases."); *Smith v. City of Chicago*, 820 F.2d 916, 918 (7th Cir. 1987) ("We have regarded as the law of this [c]ircuit that '[e]ven though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action.'" (quoting *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir.1982))). The Seventh Circuit rejected Barr's argument that res judicata did not apply because her first suit was dismissed on the technicality of lack of service of process—reiterating that "the rule against claim-splitting applies even if the plaintiff's first suit was short-lived." *Barr,* at 841 citing Palka, 662 F.3d at 437 (explaining that claim-splitting is "a litigation tactic that res judicata doctrine is meant to prevent").

These principles apply here to preclude Plaintiffs' duplicative second suit.

## CONCLUSION

In sum, Plaintiffs were required to allege, in one proceeding, all claims arising out of a single set of operative facts. *Shaver v. F.W. Woolworth Co.,* 840 F.2d 1361 (7th Cir. 1988). For the forgoing reasons, this Court should find that the Plaintiffs' current lawsuit is not backed by law; proffers factual allegations and legal claims they know to be precluded; and has dragged out these proceedings in an attempt to harass defendants even while they have a duplicative appeal pending, all in violation of Rule 11. The Court should accordingly sanction the Plaintiffs' attorneys.

Dated at Wauwatosa, Wisconsin this 14th day of February 2024.

**WIRTH + BAYNARD**
Attorneys for Defendants

BY: */s/ Jasmyne M. Baynard*
Jasmyne M. Baynard (SBN: 1099898)
Email: jmb@wbattys.com
9898 W. Bluemound Rd. Suite 2
Wauwatosa, WI 53226
P: (414) 291-7979
