UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

TRAY COLE and TALEAVIA COLE,

                Plaintiffs,

v.                                              CASE NO.: 23cv01321

CITY OF WAUWATOSA,
FORMER CHIEF BARRY WEBER,
DANIEL MITCHELL, ROBERT PIEHL,
ESTATE OF RUSSELL RICHARDSON, and
JOHN DOES POLICE OFFICERS 1– 100,

                Defendants.
_____

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR JUDGMENTN ON THE PLEADINGS PURSUANT TO FED. R. 12(c)

      This is not Tracy and Taleavia Cole's first day in federal court. Indeed, more than three years ago, the Cole Plaintiffs filed a suit arising from their allegedly unconstitutional arrest by the Wauwatosa Police Department. After three years of contentious litigation and a 5-day jury trial, the Cole Plaintiffs were unsuccessful in proving their claims. The Coles appealed the loss of their first case. That appeal is pending and the result of that ruling has only two outcomes—either the Appeals Court affirms the district court's orders and jury verdict, or the Appeals Court reverses and the issues go back to the district court for a second bite at the apple. However, before filing their appellate brief, the Coles filed the instant action duplicative of the action on appeal. On a practical level, the present lawsuit represents a profound abuse of the judicial process and a waste of resources. As a matter of law, the present lawsuit is barred by res judicata.

      As such, Defendants submit the following brief in support of their Motion for Judgment on the Pleadings seeking dismissal of the instant duplicative action pursuant to Fed. R. 12(c).

1

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

1. **Prior Litigation: Eastern District Case No. 20-cv-1660 and Seventh Circuit Appeal.**

On March 6, 2021, Plaintiffs Tracy Cole and Taleavia Cole were named as plaintiffs in a lawsuit against the City of Wauwatosa and several of its employees. (*See Aaron et al v. Ratkowski et al*, Eastern District Case No. 20-cv-1660 at ECF 24, ¶¶ 17, 18)[1] That Complaint was amended several times, with the operative version being submitted on February 15, 2022, wherein Tracy Cole and Taleavia Cole remained Plaintiffs. (Knowlton, ECF 155 ¶¶ 33, 34) Relevant to Tracy and Taleavia Cole, the Fourth Amended Complaint asserted claims related to their October 8, 2020, arrest for violating Wauwatosa's emergency curfew, including:

> On October 8, 2020, Tracy and Taleavia Cole were protesting in Wauwatosa. (Knowlton ECF 155 ¶¶ 304, 338)
>
> WPD Officers Defendant Daniel Mitchell and Defendant Robert Piehl violently pulled Plaintiff Tracy Cole out of the car from the passenger seat. (*Id.* ¶ 312)
>
> Defendant Piehl forcefully pulled Tracy out of the car, grabbed her hair, kneed her in her thigh, and threw her to the ground with the assistance of Defendant Mitchell. (*Id.* ¶ 313)
>
> Plaintiff Taleavia, who was filming on her phone, was violently pulled out of her vehicle by Defendant Russell Richardson and a John Doe officer believed to be a member of the US Marshalls. Defendant Richardson and the John Doe officer threw Taleavia to the ground and pointed a gun at her head. While Taleavia was laying on the ground, Defendant Richardson, a John Doe U.S. Marshall, and multiple John Doe officers put their knees on the back of Taleavia's neck causing her great bodily harm. (*Id.* ¶¶ 345-350)
>
> Plaintiff Taleavia's phone was seized searched by Defendant Warren and other John Doe Officers while it was in the possession of the WPD and she did not give consent for Defendants Wrucke, Skornia, Warren, or any other John Doe officers to seize, retain, or search her phone. (*Id.* ¶¶ 363, 366)

---

[1] This matter was referred to as the "Knowlton" case through its pendency and for the purpose of this motion Eastern District Case No. 20CV1660 will be referred to as "Knowlton" when citing the district courts' electronic filing system.

As a result of their October 8, 2020 arrest, the Cole Plaintiffs brought several causes of action pursuant to 42 U.S.C. §1983—relevant to the present motion:

The first claim captioned "First Amendment Violation (Curfew Order)" against the City of Wauwatosa and Mayor McBride in his individual capacity alleged in general that the City's curfew order was unconstitutional restriction on their right to protest. (*Id*. p. 104-05)

The fifth claim captioned "First Amendment Retaliation" alleged that Officers Robert Piehl, Daniel Mitchell, Russell Richardson, and John Does 1-100 used excessive force against Plaintiffs in retaliation for their speech. (*Id*. p. 113)

The sixth claim captioned "Deliberate Indifference" against Barry Waber alleges that on October 8, 2020, Tracy Cole was subjected to excessive force, which was covered extensively in the news media and Defendant Weber knew she and others had been harmed by officers. (*Id*. ¶ 985)

The seventh claim captioned "First Amendment Violation (Excessive Force & Arrest)" alleging Officers Daniel Mitchell, Robert Piehl, Russell Richardson and John Does 1-100 used excessive force against Plaintiffs to stop them from protesting. (*Id*. pp. 118-20) And that these actions were condoned by policy maker Barry Weber. (*Id*. p. 121)

The eighth claim captioned "Excessive Force" alleged that Officers Daniel Mitchell, Robert Piehl, Barry Weber, Russell Richardson and John Does 1-100 used unreasonable force when arresting the Cole Plaintiffs on October 8, 2020. (*Id*. pp. 122-127)

The tenth claim captained "Unlawful Search and Seizure" alleged that Defendants Shane Wrucke, James Skornia, Timothy Warren, Maria Albiter, and John Does had no warrant, consent or other probable cause when they conducted a search of and seized the phone of Taleavia Cole. (*Id*. pp. 128-29)

On August 24, 2022, Judge Joseph granted Defendants' Motion to Dismiss in part and dismissed Plaintiffs' claims of deliberate indifference (sixth claim); excessive force against Mitchell, Piehl, Richardson, and John Doe Officers (seventh and eighth claims); and unlawful search and seizure (tenth claim) **with prejudice**. *See* generally (Knowlton ECF 190 pp. 23-24)

On March 13, 2023, Judge Joseph granted Defendants' Motion for Summary Judgment in part and dismissed the Plaintiffs' § 1983 First Amendment claim. (Knowlton ECF 332) The

3

remaining claims were tried in May of 2023 and resulted in a defense verdict. (Knowlton ECF 411)

On September 21, 2022, Plaintiffs moved for reconsideration of the district court's August 24, 2022, Decision and Order, arguing that this court committed a "manifest error of law" in dismissing their causes of action because they felt their complaint was not construed liberally and ambiguities were not resolved in their favor. (Knowlton ECF 204 p. 3) On October 28, 2022, the district court denied the Plaintiffs' motion for reconsideration in all material respects relating to the individual capacity claim, although it did grant that the dismissal of the John Doe Defendants would be without prejudice holding "[s]hould the plaintiffs discover the names of any or all of the John Doe officers, plaintiffs should move for leave to amend the complaint to name the officers." (Knowlton ECF 232 pp. 4-6) There were no amendments to the pleadings after that point and Plaintiffs neither identified nor named any of the John Doe Defendants.

On November 28, 2023, the Cole Plaintiffs appealed the district court's decision dismissing their constitutional challenges associated with their October 8, 2020 arrest for violating the emergency curfew against (relevant here) Daniel Mitchell, Barry Weber, Russell Richardson, and John Doe Officers 1 – 100. (*Kathryn Knowlton, et al. v. City of Wauwatosa, et al.*, Seventh Cir. Appeal No. 23-2135, ECF 23 Appellants' Brief at pp. 26-32)

2.  **The Instant Duplicative Action: Eastern District Case No. 23-cv-01321**

On October 6, 2023, before filing their appellate brief, the Cole Plaintiffs, through the same attorney, filed the current suit in the Eastern District of Wisconsin against the City of Wauwatosa, Barry Weber, Daniel Mitchell, Rober Piehl, the Estate of Russell Richardson, and John Doe Officers alleging excessive force (first and second claims), unlawful search and seizure (third claim), punitive damages (fourth claim), assault and battery (fifth and sixth claims), and state law

indemnification (seventh claim). (*Cole, et al., v. City of Wauwatosa et al.*, Eastern District Case No. 23cv01321, ECF 15 at ¶¶ 111-171, 236-249). The Cole Complaint will be discussed in further detail below, but a summary of the allegations are as follows:

> On October 8, 2020, Tracy Cole and Taleavia Cole were in the City of Wauwatosa peacefully protesting the Milwaukee County District Attorney's decision does not seek criminal charges against Mensah for the Alvin Cole incident. (Cole ECF 15 ¶ 40)
>
> WPD Officers Defendant Daniel Mitchell and Defendant Robert Piehl violently pulled Plaintiff Tracy Cole out of the car from the passenger seat, grabbed her hair, kneed her in her thigh, tased her several times, and threw her to the ground with the assistance of Defendant Mitchell and other John Doe Officers. (*Id*. ¶¶ 52-56)
>
> Plaintiff Taleavia, who was video recording on her cell phone, was violently pulled out of her vehicle by Defendant Russell Richardson and John Doe officers. (*Id*. ¶ 76)
>
> Defendant Richardson and other John Doe officers threw Taleavia to the ground, put a knee to the back of her neck, and pointed a gun at her head. (*Id*. ¶ 77)
>
> At some point, John Doe Officers had possession of Taleavia's cell phone and refused to give it back even after she was released from jail. (*Id*. ¶ 87)

Upon receipt and review of the instant duplicative action, Defendants filed a timely answer putting Plaintiffs on notice that their claims were precluded under theories of res judicata. (Cole ECF 17 p. 19) Thereafter, Defendants provided a "safe harbor" letter again putting Plaintiffs on notice that their claims were precluded under theories of res judicata, i.e., claim preclusion, and claim splitting. (Cole ECF 19-1, 20) Plaintiffs did not dispute that the instant Cole case and the Knowlton case are duplicative but sought a stay of the Cole case while the Knowlton appeal was pending. (Cole ECF 18)

On February 23, 2024, the Court held a scheduling conference in another duplicative Knowlton action. (Cole ECF 26) As a result, the Court ordered Defendants to file a Motion for Judgment on the Pleadings regarding issue preclusion. (*Id*.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court evaluates a Rule 12(c) motion under the same standards that govern a Rule 12(b)(6) motion to dismiss; the court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015) (citations omitted). Claim-splitting is a subset of the res judicata doctrine, an affirmative defense that the Seventh Circuit has held is best addressed under Rule 12(c). *See Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010); *Scholz v. United States*, 18 F.4th 941, 951-52 (7th Cir. 2021).

## ARGUMENT

Res judicata bars litigation of claims that have already been litigated, or that "could have been litigated but were not," in another lawsuit involving the same parties (or their privies) and the same operative facts, if that suit has reached final judgment on the merits. *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The aim of the doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id*. "Res judicata promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being hauled into court repeatedly." *Palka*, 662 F.3d at 437.

When a plaintiff brings a case "arising from the same transaction or events underlying a previous suit, simply by a change of legal theory," claim splitting has occurred, and the case cannot be maintained. *Carr v. Tillery*, 51 F.3d 909, 913 (7th Cir. 2010). The doctrine of claim splitting is "related to, but distinct from, the doctrine of claim preclusion." *Roumann Consulting Inc. v. Symbiont Construction, Inc.*, Case No. 18-C-1551, 2019 WL 3501527, at *6 (E.D. Wis. Aug. 1, 2019). While both doctrines serve to promote judicial economy and shield parties from vexatious litigation, "claim splitting is more concerned with the district court's comprehensive management of its docket, whereas claim preclusion focuses on protecting the finality of judgments." *Id*.

Notwithstanding these differences, claim splitting draws on the law of claim preclusion when determining whether the second lawsuit should be dismissed. Claim preclusion applies where there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action. *Barr v. Bd. of Trustees of W. Illinois Univ*., 796 F.3d 837, 840 (7th Cir. 2015). Claim splitting does not require claim preclusion's second factor, finality of the judgment. *Katz v. Gerardi*, 655 F.3d 1212, 1218 (7th Cir. 2011). The court examines only whether there is an identity of the parties and of the causes of action between the Cole action and the Knowlton action.

"Whether there is an identity of the cause of action depends on 'whether the claims comprise the same core of operative facts that give rise to a remedy.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) (quoting *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.,* 649 F.3d 539, 547 (7th Cir. 2011)). "Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action." *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir. 2000). Thus, "a plaintiff cannot evade preclusion by identify[ing] a slightly different cause of action with one element different from

those in the first, second, or third lawsuits between the same parties arising from the same events." *Barr,* 796 F.3d at 840, quoting *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011). Moreover, "[r]es judicata bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Brzowstowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995); *Car Carriers, Inc. v. Ford Motor Co*., 789 F.2d 589, 593 (7th Cir. 1986) ("Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.").

I. **Res Judicata Barrs Plaintiffs' Federal Claims against the City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, and Russell Richardson.**

As explained above, res judicata applies where there is a final judgment on the merits, the same parties, and the same transaction. A side-by side comparison leaves no doubt that the Cole Plaintiffs' claims for excessive force and unlawful arrest relating to their October 8, 2020, arrest meet all elements of res judicata.

**Final Judgement on the Merits.** This district court dismissed Plaintiffs' section 1983 claims with prejudice on August 24, 2022. (Knowlton ECF 190 at 41-43) Additional claims were disposed of through summary judgment on March 13, 2023. (Knowlton ECF 332 at 41-43) These were final orders that disposed of all the claims in Plaintiffs' Fourth Amended Complaint specifically the claims relating Plaintiff Cole's fourth and fourteenth amendment rights. Plaintiffs concede that these orders were final and appealed both decisions and within their moving brief plainly state that "no issues remain before the district court." (Knowlton App. Br. p. 1)

**Duplicative Parties.** Taleavia and Tracy Cole are plaintiffs in both the instant Cole and Knowlton lawsuits. *Compare* (Cole ECF 15 ¶¶ 14-15 and Knowlton ECF 155 ¶¶ 33-34) The City of Wauwatosa, Former Police Chief Barry Weber, and Wauwatosa Police Officers Daniel Mitchell, Robert Piehl, Russell Richardson and unidentified John Does are defendants in both the

instant Cole and Knowlton lawsuits. *Compare* (Cole ECF 15 ¶¶ 16-22, 28 and Knowlton ECF 155 ¶¶ 88, 90, 94, 96, 98, 107) In both suits all individual defendants are named in their individual capacity, except for defendant Weber who is named in his individual and official capacity in the Cole case. (*Id*.)

**Duplicative Core Set of Facts.** It is readily apparent that Coles' current action and the pending Knowlton suit both concern precisely the same factual transaction: their October 8, 2020 arrest.

The first count of the Cole Complaint alleges that Officers Daniel Mitchell, Robert Piehl, Russell Richardson, and unidentified John Does used excessive force against Plaintiffs while arresting them on October 8, 2020 and that the excessive force was pursuant to acts of omissions of the City of Wauwatosa and Chief Weber. (Cole ECF 15 ¶¶ 113, 131) The Cole Complaint alleges:

> On October 8, 2020, at all times material hereto, Defendant Officers Daniel Mitchell, Piehl, and John Doe Officers used unnecessary, excessive force, that was objectively unreasonable in light of the facts and circumstances confronting them against Plaintiff Tracy Cole. (*Id*. ¶ 113)

> On October 8, 2020, at all times material hereto, the Defendant Officers Russell Richardson and John Doe Officers used unnecessary, excessive force, without legal cause that was objectively unreasonable in light of the facts and circumstances confronting them against Plaintiff Taleavia Cole. (*Id*. ¶ 118)

> Defendants Russell Richardson and John Doe Officers actions of slamming Plaintiff Taleavia Cole to the ground, pointing a gun at her, and putting a knee on her back with was excessive and objectively unreasonable. (*Id*. ¶ 119)

This claim is brought against the same parties, comprised of the same factual allegations and wholly duplicative of the seventh and eighth claims in the Knowlton case both titled "excessive force" which alleged that:

> Plaintiff Tracy Cole was violently pulled out of her car by Defendants Mitchell and Piehl, and thrown to the ground and tased by Defendant Mitchell and John Does

9

and punched in the face by John Does. These actions were taken to stop her from protesting police violence. (Knowlton ECF 155 ¶ 999)

Plaintiff Taleavia Cole was violently pulled out of her car by Defendants Richardson and John Does, and thrown to the ground and had a gun pointed at her head by John Doe Defendant. These actions were taken to stop her from protesting police violence. (*Id*. ¶ 1000)

On October 8, 2020 at all times material hereto, the Defendant Officers Daniel Mitchell, Robert Piehl, and John Doe Officers used unnecessary, excessive force, that was objectively unreasonable in light of the facts and circumstances confronting them against Plaintiff Tracy Cole. (*Id*. ¶ 1038)

On October 8, 2020 at all times material hereto, the Defendant Officers Russell Richardson and John Doe Officers used unnecessary, excessive force, without legal cause that was unjustified and objectively unreasonable in light of the facts and circumstances confronting them against Plaintiff Taleavia Cole. (*Id*. ¶ 1041)

Defendants Russell Richardson actions of slamming Plaintiff Taleavia Cole to the ground, pointing a gun at her, and putting a knee on her back with other John Doe Officers and Defendant Richardson and John Doe officers pointing a gun to her head was excessive and objectively unreasonable. (*Id*. ¶ 1042)

The issues of the officers' use of force and the reasonableness of the actions (or alleged inaction) of other officers at the scene were litigated in Knowlton lawsuit, and the Cole Plaintiffs were represented by counsel. The issues were the subject of several motions to dismiss, the claim based on those issues was dismissed with prejudice, and that dismissal is currently on appeal. *See generally* (Knowlton Appeal) Dismissal of a cause of action with prejudice constitutes a final judgment on the merits for purposes of issue preclusion and bars a later suit on the same cause of action. *Quincy Mall, Inc. v. Parisian, Inc*., 27 F. App'x 631, 636 (7th Cir. 2001).

The second count of the Cole Complaint alleges excessive force under the Fourteenth Amendment against all defendants. Unsurprisingly, although it's completely unclear from the pleading, it appears that Plaintiffs are alleging some unspecific actions by the Defendants were

10

politically motivated, retaliatory and done pursuant to the customs and policies of the City of Wauwatosa and Chief Weber. (Cole ECF 15 ¶¶ 139-144)

Even though the similarities of this claim are not as obvious as Plaintiffs' Fourth Amendment excessive force and unlawful seizure claims, this claim is comprised of the same factual allegations and duplicative of the fifth, seventh, and eighth claims in the Knowlton case. Notably, the fifth claim in the Knowlton case titled "first amendment retaliation" alleges that:

> Plaintiff Tracy Cole was violently pulled out of her car by her hair by Defendants Mitchell and Piehl, and thrown to the ground and tased by Defendant Mitchell and John Does and punched in the face by John Does. These actions were taken in retaliation for her speech protesting police violence on October 8, 2020. (Knowlton ECF 155 ¶ 959)

> Plaintiff Taleavia Cole was violently pulled out of her car by Defendants Richardson and John Does, thrown to the ground and had a gun pointed at her by John Doe Defendant. These actions were taken to in retaliation for her speech protesting police violence on October 8, 2020. (*Id.* ¶ 959)

As such, Plaintiffs' second count must be dismissed as claim preclusion bars all subsequent actions between the same parties as to all matters that were litigated or that might have been litigated in the former proceeding. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012).

The third count of the Cole Complaint is titled "unlawful search and seizure" and is brought against the City of Wauwatosa, Barry Weber, and John Doe Officers and relates only to the alleged unlawful search and seizure of Taleavia Cole's cell phone. (Cole ECF 15 ¶¶148-150, 157) The Cole Complaint alleges:

> The City of Wauwatosa through its police department never attempted to get a search warrant from any courts for Taleavia Cole's phone from October 8, 2020, onwards. (*Id.* ¶ 99)

> On October 8, 2020 Taleavia Cole's phone was seized by John Doe Officers without a warrant. (*Id.* ¶ 148)

> Defendants John Doe Officers and City of Wauwatosa did not have a warrant, consent or other probable cause when they conducted a search of the phone of Taleavia Cole. (*Id.* ¶ 149)

11

This claim is comprised of the same factual allegations and duplicative of the tenth claim in the Knowlton case titled "Unlawful Search and Seizure (Cars, Phones)" and alleged that:

> Defendants Shane Wrucke, James Skornia, Timothy Warren, Maria Albiter, and John Does had no warrant, consent or other probable cause when they conducted a search of and seized the phone of Taleavia Cole. (Knowlton ECF 155 ¶ 1073)
>
> John Doe Defendants had no warrant, consent or other probable cause when they conducted a search of and seized the vehicle of Taleavia Cole. (*Id*. ¶ 1074)

There can be no doubt that res judicata bars Plaintiff Taleavia Cole's present claim regarding the alleged unlawful search and seizure of her cellphone.[2] To now bring another lawsuit stemming from the exact same incident with the same claims and issues against the same defendants is a blatant attempt to relitigate the matter.

## II. Plaintiffs' Attempt to Bring Previously Unpled Claims Is Impermissible Claim-Splitting.

The Seventh Circuit has recognized one important practical difference between res judicata and claim splitting: claim splitting allows a trial court to exercise discretion, while res judicata does not." *Cooper v. Retrieval-Masters Creditors Bureau, Inc*., 42 F.4th 688, 697 (7th Cir. 2022), citing *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021). The rule against claim splitting prohibits a plaintiff from bringing a new case raising issues arising out of the same transaction or occurrence as an earlier case when those issues could have been raised in the first litigation. *Barr* 796 F.3d at 841. When a plaintiff brings such "a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory," claim splitting has occurred, and the suit cannot be maintained. *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010).

Moreover, res judicata bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Brzowstowski v. Laidlaw*

---

[2] Defendants were awarded sanctions against Plaintiffs for their misrepresentation in their Fouth Amended Complaint that the City never attempted to get a search warrant. (Knowlton ECF 191, p. 14)

12

*Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995); *Car Carriers,* 789 F.2d at 593 ("Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.") *See also Nalco Co. v. Chen*, 843 F.3d 670, 674 (7th Cir. 2016) ("[The plaintiff] was obliged to raise all claims that stem from the same transaction or series of related transactions (what courts sometimes call the 'core of operative facts').")

Put more succinctly, Plaintiffs cannot use a second lawsuit—and in this case essentially a fifth amended complaint— against Defendants to take another bite at the apple. *Czarniecki*, 633 F.3d at 551. Both the Cole and Knowlton suits describe identical incidents and involve identical parties. Any change in the wording or addition of previously unpled state law claims for assault and battery are an impermissible attempt at claim-splitting as they rely on the same operative facts, for example:

The fifth count of the Cole Complaint asserts a state law claim for assault against Defendants City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, Russell Richardson, and John Doe Officers and alleges:

> In pulling Tracy Cole out of the car by her hair, punching her, tasing her, and slamming her to the ground, Defendants Mitchell, Piehl, and John Doe officers committed bodily harm. (Cole ECF 15 ¶ 168)
>
> In pulling Taleavia Cole out of the car, putting a knee to the back of her neck, and pointing a gun to her head, Defendants Richardson and John Doe officers committed bodily harm. (*Id*. ¶ 169)

The sixth count of the Cole Complaint asserts a state law claim for battery against Defendants City of Wauwatosa, Barry Weber, Daniel Mitchell, Robert Piehl, Russell Richardson, and John Doe Officers and alleges:

> In pulling, slamming, punching, and putting knees on Plaintiffs and in striking Defendant Officers and John Doe did commit an act of battery on either of them. (Cole ECF 15 ¶ 243)

13

Although these claims were not specifically plead in the Knowlton matter, Plaintiffs cannot evade preclusion by identify[ing] a slightly different cause of action with one element different from those in the first, second, or third complaints between the same parties arising from the same events." *Barr*, 796 F.3d at 840. Indeed, the Cole Plaintiffs previously unpled state law claims for assault and battery stem from their October 8, 2020 arrest i.e. the same transaction allege in Knowlton. *Compare* (Knowlton ECF 155 ¶ 959, 1042) Plaintiffs were required to bring these claims at the time they brought their original suit yet failed to do so. Courts in this circuit have long recognized this prohibition. *See Shaver v. F.W. Woodworth Co.,* 840 F.2d 1361, 1365 (7th Cir. 1988) (explaining that res judicata prevents a party from "splitting a single cause of action [or] … using … several theories of recovery as the basis for separate suits."); *Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2021) ("Plaintiffs generally must bring all claims arising out of a common set of facts in a single lawsuit, and federal district courts have discretion to enforce that requirement as necessary 'to avoid duplicative litigation.' " (citation omitted)).

Plaintiffs' fifth and sixth counts demonstrate an impermissible attempt at claim splitting and are thus precluded. Notwithstanding the preclusion, Plaintiffs' assault and battery claims are wholly unspecific and fail to provide a basis for liability against the City of Wauwatosa or Barry Weber.

Finaly, count 4 of the Cole Complaint captioned "Punitive Damages"  is not a cause of action, but a theory of damages. (Cole ECF 15 p. 24) Similarly count 7 is captioned "State Law Indemnification" against the City of Wauwatosa and is not a cause of action, but a theory of damages. (*Id.* p. 26) Neither of these counts operates as an independent basis for liability, however both were sought in the Knowlton matter and therefore cannot be used to save the duplicative Cole action from res judicata preclusion. (Knowlton ECF 155 pp. 134-137) Regardless, assertions of

damages theories are not stand-alone cause of action and thus cannot resurrect Plaintiffs' complaint from res judicata.

## CONCLUSION

The Cole Plaintiffs were required to allege, in one proceeding, all claims arising out of a single set of operative facts. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361 (7th Cir. 1988). Plaintiffs had knowledge of the claims contained in the instant suit while Knowlton was ongoing, and rather than wait for the Seventh Circuit's decision on appeal, Plaintiffs filed an entirely new suit based on the same set of core operative facts. This is res judicata pure and simple. Accordingly, Plaintiffs' suit is barred.

Defendants respectfully request that the Court grant the foregoing motion, dismiss Plaintiffs' Complaint with prejudice, and award costs associated with bringing the motion, award sanctions, and any other equitable relief the court so orders.

Dated at Wauwatosa, Wisconsin this 11th day of March 2024.

                                                **WIRTH + BAYNARD**
                                                Attorneys for Defendants

BY:   */s/ Jasmyne M. Baynard*
        Jasmyne M. Baynard (SBN: 1099898)
        Email: jmb@wbattys.com
        9898 W. Bluemound Rd. Suite 2
        Wauwatosa, WI 53226
        P: (414) 291-7979