

# CADE LAW GROUP

**Nathaniel Cade, Jr.**
nate@cade-law.com
www.cade-law.com

March 20, 2024

**VIA FACSIMILE ONLY (414) 291-7960**

Jasmyne Baynard, Esq.
Wirth + Baynard
9898 West Bluemound Road
Suite 2
Wauwatosa, Wisconsin 53226

      Re:    Tracy Cole et al., v. City of Wauwatosa, et al.
             E.D. Wis. Case No. 23-CV-1321

             Rule 11 – Safe Harbor Letter

Dear Attorney Baynard,

    I write this pursuant to Fed. R. Civ. P. 11(c)(2) and Fed. R. Civ. P. 11(a), on behalf of Plaintiffs. Defendants are put on notice that Plaintiffs were not properly served with their Safe Harbor Letter dated January 10, 2024 and Draft Motions for Sanctions as required prior to its filing of the Motion for Sanctions on February 14, 2024. (ECF #21). Plaintiff and Attorney Motley did not consent to service via email from you. As such, Defendants are put on notice that the motion is frivolous and requested to withdraw the motion.

    In addition, pursuant to Fed. R. Civ. P. 11(a) requires that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." Attorney Baynard was not the attorney of record for the Estate of Russell Richardson when the Motion for Sanctions was filed on February 14, 2024 (ECF #21). Despite not being the attorney for the Estate of Russell Richardson, you noted your appearance on his behalf, which was improper. As you are aware, on November 10, 2023, Attorney Motley asked you if you were willing to accept service on behalf of Russell Richardson. You replied on November 17, 2023 that, "We can accept service on behalf of all defendants except for Russell Richardson." Additionally, when Attorney Motley asked for the contact details of Russell Richardson the response from you was, "I do not and I have not have contact with him, but his obituary can be found online."

    Since the inception of this matter, you never filed notices of appearance on behalf of Russell Richardson nor on behalf of the Estate of Russell Richardson. Plaintiffs requested the court to issue a summons on December 14, 2023 for the Estate of Russell Richardson (ECF #16) and we filed the executed summons with the court on February 20, 2024. (ECF #22). The federal courts frowns down upon such gamesmanship. The fact remains that on February 14, 2024 when the Motion for Sanctions was filed, you did not represent the Estate of Russell Richardson despite sighing the pleadings to the contrary Therefore, the Motion for Sanctions should be withdrawn.

P.O. Box 170887, Milwaukee, Wisconsin 53217
(414) 255-3802 (o)    (414) 255-3804 (f)

Jasmyne Baynard, Esq.
Page 2

Additionally, as you are aware on October 28, 2022 this Court in *Kathryn Knowlton et. al., v. City of Wauwatosa* 20-CV-1660 dismissed the John Doe Defendants without prejudice. Specifically in its decision the court noted that, "as the statute of limitations has not yet run, I agree that the John Doe defendants should be dismissed without prejudice." *Kathryn Knowlton et. al., v. City of Wauwatosa* 20-CV-1660 (ECF #232 pg. 6). As such the Motion for Dismissal on the Pleadings has misleading statements as filed (ECF 27) and should be withdrawn.

Additionally, Defendant Russell Richardson nor the Estate of Russell Richardson has ever consented to the jurisdiction of the Magistrate Judge. As such the Motion for Sanctions and the Motion for Judgement Notwithstanding should be withdrawn.

Finally, despite Plaintiffs repeated requests to affirmatively identify the arresting officers, Defendants have consistently failed to provide this information.

Enclosed please find a draft Rule 11 motion and the Declaration of Kim Motley. Pursuant to Fed. R. Civ. P. 11(c)(2), you have twenty-one (21) days to withdraw your Motion for Sanctions and Motion for Judgment on the Pleadings. If you fail to do so, we intend to move for sanctions for your having improperly moved for sanctions.

Very truly yours,

**CADE LAW GROUP LLC**

Nathaniel Cade, Jr.

NC:cn
Enclosures