UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TRACY COLE and TALEAVIA COLE,**

    Plaintiffs,

  v.                                   Case No. 23-CV-1321

**CITY OF WAUWATOSA, et al.,**

    Defendants.

---

**WILLIAM RIVERA, et al.,**

    Plaintiffs,

  v.                                   Case No. 23-CV-1330

**CITY OF WAUWATOSA, et al.,**

    Defendants.

---

### DECISION AND ORDER ON DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFFS' MOTIONS TO STAY

---

In the above-captioned cases, the plaintiffs, Tracy Cole, Taleavia Cole, William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu sue the City of Wauwatosa, Wauwatosa's former Police Chief Barry Weber, and several officers of the Wauwatosa Police Department, including Daniel Mitchell, Robert Piehl, the Estate of Russell Richardson, Dexter Schleis, and John Doe Police Officers 1-100, for violation of their rights under federal and state law.[1] These plaintiffs previously sued the City and related defendants in *Aaron et al*

---

[1] For ease of reference, I will refer to Case No. 23-cv-1321 as the "*Cole* case" or the "*Cole* complaint" and will refer to Case No. 23-cv-1330 as the "*Rivera* case" or the "*Rivera* complaint."

*v. Ratkowski et al*, 20-cv-1660 (E.D. Wis.)[2] for violations of their rights under federal and state law. (Fourth Amended Complaint, Docket # 155 in Case No. 20-cv-1660.) The majority of those claims were dismissed with prejudice on August 24, 2022 (Docket # 190 in Case No. 20-cv-1660) and are now the subject of an appeal before the United States Court of Appeals for the Seventh Circuit in *Kathryn Knowlton, et al v. City of Wauwatosa, et al*, Appeal No. 23-2135.

Plaintiffs in both cases move to stay these current proceedings pending resolution of the *Knowlton* appeal. (Docket # 18 in Case No. 23-cv-1321; Docket # 15 in Case No. 23-cv-1330.) Defendants oppose the stay motions and separately move for sanctions in both cases on the grounds that the present lawsuits are duplicative of the *Knowlton* case pending before the Seventh Circuit and are barred by the doctrines of claim preclusion and claim-splitting. I ordered the defendants to further brief the preclusion issue in both cases by no later than March 22, 2024, and ordered the plaintiffs to file their response in accordance with the briefing schedule provided in this district's local rules. (Docket # 26 in Case No. 23-cv-1321.)

Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) in Case No. 23-cv-1321 on March 11, 2024 (Docket # 27) and in Case No. 23-cv-1330 on March 12, 2024 (Docket # 23). Under Civil L. R. 7(b) (E.D. Wis.), Plaintiffs had twenty-one days to respond to the defendants' motions. Rather than filing their response briefs within the time frame required by the local rules, Plaintiffs untimely filed their responses briefs on April 11, 2024.[3] Although it would be appropriate to strike these untimely responses, I have considered

---

[2] As the appeal of Case No. 20-cv-1660 is captioned *Kathryn Knowlton, et al v. City of Wauwatosa, et al*, I will refer to the underlying district court case as the "*Knowlton* case."

[3] Given Plaintiffs filed their responses 30 days after Defendants filed their motions and given Plaintiffs failure to either move for leave to file *instanter* or otherwise attempt to explain the untimely filing, I assume Plaintiffs mistakenly believed that the briefing schedule applicable to summary judgment motions applied to motions for judgment on the pleadings. But Civil L. R. 7(b) (E.D. Wis.) very clearly states that "For all motions other than

2

Case 2:23-cv-01321-NJ   Filed 04/17/24   Page 2 of 18   Document 33

Plaintiffs' arguments in addressing these motions. For the reasons stated below, Defendants' motions for judgment on the pleadings are granted and Plaintiffs' motions to stay are denied.

BACKGROUND

*Cole Complaint (Case No. 23-cv-1321)*

On February 2, 2020, seventeen-year-old Alvin Cole was killed by former Wauwatosa police officer Joseph Mensah. (Am. Compl. ¶ 2.) Tracy Cole is the mother of both Taleavia Cole and Alvin Cole. (*Id.*) Tracy and Taleavia Cole allege that on October 8, 2020, they were peacefully protesting in the City of Wauwatosa the District Attorney's decision not to prosecute Mensah for Alvin Cole's death. (*Id.* ¶¶ 2–3.) Tracy Cole alleges that, despite peacefully protesting, officers forced her out of her car by her hair, punched her, and tased her several times. (*Id.* ¶ 6.) Taleavia Cole alleges that she too was forced out of her car by officers and had a knee put to the back of her neck and a gun pointed at her head. (*Id.* ¶ 7.)

On December 13, 2023, Tracey and Taleavia Cole sued the City, Weber, Mitchell, Piehl, the Estate of Richardson (Richardson is now deceased), and John Doe officers for violation of their rights under federal and state law. (Docket # 15 in Case No. 23-cv-1321.) In Counts One and Two, Plaintiffs allege that Officers Mitchell, Piehl, Richardson, and John Doe Officers engaged in excessive force against them on October 8, 2020, in violation of their Fourth and Fourteenth Amendment rights. (*Id.* ¶¶ 111–30, 137–42.) Plaintiffs further allege that the City and Weber have a custom, policy, or practice of tolerating violations of the Fourth Amendment of the United States Constitution. (*Id.* ¶¶ 131–36, 143–45.) In Count Three, Plaintiffs allege that the City, Weber, and John Doe Officers unlawfully seized and

---

those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), any memorandum and other papers in opposition must be filed within 21 days of service of the motion." A motion brought under Fed. R. Civ. P. 12(c) is not the same as a motion brought under Fed. R. Civ. P. 56.

searched Taleavia Cole's phone on October 8, 2020 without a warrant. (*Id.* ¶¶ 147–61.) In Count Four, Plaintiffs allege punitive damages under § 1983. (*Id.* ¶¶ 162–66.) In Counts Five and Six, Plaintiffs allege assault and battery against the defendants under Wisconsin law. Finally, in Count Seven, Plaintiffs allege "indemnification" against the City.

*Rivera Complaint (Case No. 23-cv-1330)*

Plaintiffs allege that on October 9, 2020, there was a curfew in the City of Wauwatosa from 7:00 p.m. until 6:00 a.m. (Compl. ¶ 28.) Persons going to and from work were exempted from the curfew. (*Id.* ¶ 29.) On October 9, 2020, at around 7:20 p.m., William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu were driving home from work in the City of Wauwatosa. (*Id.* ¶ 30.) They allege that while driving up North Avenue, a crowd of people started running towards them making it difficult for them to move for fear they would hit someone. (*Id.* ¶ 38.) Plaintiffs allege Matheu stopped the car to avoid injuring anyone, while at the same time John Doe officers commanded him to stop. (*Id.* ¶ 39.) Plaintiffs allege that another John Doe officer rammed the Plaintiffs' vehicle with his armored vehicle. (*Id.* ¶ 40.) Plaintiffs allege that Dexter Schleis and John Doe Officers surrounded the vehicle and pointed guns at the Plaintiffs. (*Id.* ¶ 43.) William Rivera alleges that when he told Schleis that he was on his way home from work, Schleis responded, "at this time it doesn't matter because you are black." (*Id.* ¶ 57.) Plaintiffs allege that Aidali Rivera's vehicle was unlawfully searched and driven by a John Doe officer. (*Id.* ¶ 63.) Plaintiffs allege they were arrested without probable cause by the defendants. (*Id.* ¶ 67.)

In Count One, Plaintiffs allege excessive force against the defendants in violation of the Fourth and Fourteenth Amendments. (*Id.* ¶¶ 114–39.) In Count Two, Plaintiffs allege Defendants violated their due process rights and in Count Three, allege a *Monell* claim against

4

the City. (*Id.* ¶¶ 140–66.) In Count Four, Plaintiffs allege failure to intervene and in Counts Five and Six, unlawful arrest. (*Id.* ¶¶ 167–88.) Plaintiffs allege failure to train and supervise in Count Seven, assault and battery in Counts Eight and Nine, and state law indemnification in Count Ten. (*Id.* ¶¶ 189–216.)

*The Knowlton Case (Case No. 20-cv-1660) – The Cole Plaintiffs*

In the *Knowlton* case, the plaintiffs allege that on February 2, 2020, Wauwatosa Police Officer Joseph Mensah shot and killed Alvin Cole. (Fourth Am. Compl. ¶ 8, Docket # 155 in Case No. 20-cv-1660.) They allege that on October 8, 2020, Tracy Cole was protesting in the City of Wauwatosa. (*Id.* ¶ 304.) Officers Mitchell and Piehl violently pulled Tracy Cole out of the car from the passenger seat and Piehl grabbed her hair, kneed her in her thigh, and threw her to the ground with the assistance of Mitchell. (*Id.* ¶¶ 312–13.) Taleavia Cole was also protesting in Wauwatosa on October 8, 2020. (*Id.* ¶ 343.) She alleges that as she attempted to leave Wauwatosa, she was violently pulled out of her vehicle by Richardson and a John Doe officer. (*Id.* ¶ 345.) Richardson and the John Doe officer threw Taleavia to the ground and pointed a gun at her head. (*Id.*) She alleges that Richardson and John Doe Officers put their knees on the back of her neck. (*Id.* ¶ 350.) Taleavia Cole alleges that her phone was seized and searched without permission or probable cause. (*Id.* ¶¶ 362, 366.)

In Counts Five and Seven, Tracy and Taleavia Cole alleged that Piehl, Mitchell, Richardson, and the John Doe Officers used physical violence against them in retaliation for their speech protesting police violence on October 8, 2020. (*Id.* ¶¶ 959–60, 999–1000.) In Counts Eight and Nine, Tracy and Taleavia Cole alleged excessive force against Mitchell, Piehl, Richardson, and John Doe Officers. (*Id.* ¶¶ 1032–43.) In Count Ten, Taleavia Cole

5

alleged unlawful search and seizure against multiple defendants, including John Doe Officers. (*Id.* ¶¶ 1072–77.)

On August 24, 2022, Counts Five, Seven, Eight, Nine, and Ten were dismissed with prejudice. (Docket # 190.) The August 24, 2022 decision and order is subject to the current appeal before the Seventh Circuit. (*See* Docket # 1-1 in Appeal No. 23-2135.)

*The Knowlton Case (Case No. 20-cv-1660) – The Rivera Plaintiffs*

In the *Knowlton* case, the plaintiffs allege that on October 9, 2020, at around 7:30 p.m. William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu were driving home from work in the City of Wauwatosa. (*Id.* ¶ 642.) They allege that while Plaintiffs were driving on North Avenue, a crowd of people started running towards them making it difficult for them to move for fear they would hit someone. (*Id.* ¶ 646.) Plaintiffs allege that an armored vehicle driven by an unidentified John Doe officer rammed Plaintiffs' vehicle. (*Id.* ¶ 648.) They allege officers surrounded the car, pointing guns at the Plaintiffs, who all put their hands outside of the windows. (*Id.* ¶ 649.) William Rivera told one of the arresting officers that he was on his way home from work. In response, the John Doe officer said to Rivera "at this time it doesn't matter because you are black." (*Id.* ¶ 659.) Plaintiffs allege Aidali Rivera's vehicle was unlawfully searched (*id.* ¶ 665) and all four Plaintiffs were arrested without probable cause (*id.* ¶ 668).

In Count Six, Plaintiffs alleged that Weber was deliberately indifferent to the violation of their rights. (*Id.* ¶¶ 983–95.) In Count Eight, Plaintiffs alleged Piehl, Richardson, and John Doe officers subjected them to excessive force (*id.* ¶¶ 1032–62) and in Count Nine, Plaintiffs alleged John Doe officers unlawfully arrested them (*id.* ¶¶ 1063–71). In Count Ten, Plaintiffs alleged officers unlawfully searched and seized their vehicle (*id.* ¶ 1074) and in Counts Eleven

and Twelve, William Rivera alleged the City and John Doe officers violated his rights under Title VI and Equal Protection (*id.* ¶¶ 1078–89).

Counts Six, Eight, Nine, Ten, and Twelve were dismissed with prejudice in the Court's August 24, 2022 decision and order. (Docket # 190.) Count Eleven was dismissed on summary judgment on March 13, 2023. (Docket # 332.) Both of these decisions are subject to the current appeal before the Seventh Circuit. (*See* Docket # 1-1 in Appeal No. 23-2135.)

**APPLICABLE RULE**

Defendants move to dismiss both complaints on the grounds they are barred by res judicata, also known as claim preclusion, and by the rule against claim-splitting. Since claim preclusion is an affirmative defense, "the defendant should raise it and then move for judgment on the pleadings under Rule 12(c)." *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). A motion for judgment on the pleadings under Rule 12(c) is granted "only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support [her] claim for relief.'" *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (internal citations omitted). The moving party should be "clearly entitled to judgment." *Edmonds v. United States*, 148 F. Supp. 185, 186 (E.D. Wis. 1957). In order to succeed, "the moving party must demonstrate that there are no material issues of fact to be resolved." *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452. Further, the complaint must be construed in the manner most favorable to the nonmoving party. *Id.* (citing *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995)). A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is decided in the same manner as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* In determining if the complaint is sufficient, the court looks only to the pleadings, which include "the

7

complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

The rule against claim-splitting in a subset of res judicata. *Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2021). While claim preclusion requires an identity of parties, final judgment on the merits, and an identity of the causes of action, the "requirements of claim splitting are not quite as stringent and do not require claim preclusion's second factor, finality of the judgment." *Id.* at 952.

## DISCUSSION

As a preliminary matter, Plaintiffs oppose Defendants' motions on the grounds that in the *Cole* case, the Estate of Richardson never consented to magistrate judge jurisdiction and in both the *Cole* and *Rivera* cases, defense counsel does not represent the John Doe officers. The Estate of Richardson has since filed its consent form; thus, all parties have consented to magistrate judge jurisdiction. And the Court has previously considered and rejected Plaintiffs' argument that defense counsel does not represent the John Doe officers. (*See* Docket # 232 at 5 in Case No. 20-cv-1660.)

Turning to the merits, Defendants move to dismiss both the *Cole* and *Rivera* complaints on the grounds they are barred by claim preclusion and claim-splitting. "The doctrine of res judicata (claim preclusion) requires litigants to join in a single suit all legal and remedial theories that concern a single transaction." *Perkins v. Bd. of Trustees of Univ. of Illinois*, 116 F.3d 235, 236 (7th Cir. 1997). Under claim preclusion, "a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999). The three requirements for claim preclusion under federal law are:

8

(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. *Cent. States, Se. & Sw. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002). "Once these elements are satisfied, claim preclusion 'bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action.'" *Kratville v. Runyon*, 90 F.3d 195, 197–98 (7th Cir. 1996) (quoting *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995)). Although claim preclusion is an affirmative defense, a court may raise an affirmative defense on its own if it is clear from the face of the complaint that the defense applies. *Borzych v. Frank*, 340 F. Supp. 2d 955, 966 (W.D. Wis. 2004) (citing *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002)).

1. *Final Judgment on the Merits*

Plaintiffs argue that their present complaints are not barred by claim preclusion because there is no final judgment on the merits dismissing the John Doe defendants and dismissing the named defendants in their individual capacities for money damages. (Docket # 29 at 4–8 in Case No. 23-cv-1321 and Docket # 26 at 3–7 in Case No. 23-cv-1330.)

As to the individually named defendants, in a decision and order dated August 24, 2022 in *Knowlton* granting in part and denying in part the defendants' motion to dismiss, Plaintiffs' claims against Weber, Mitchell, Piehl, and Richardson were dismissed with prejudice. (Docket # 190 at 6–9, 23–24 in Case No. 20-cv-1660.) Final judgment was entered in the *Knowlton* case on May 8, 2023. (Docket # 412 in Case No. 20-cv-1660.) Plaintiffs appealed, challenging the Court's August 24, 2022 Order. (*See* Docket # 1-1 in Appeal No. 23-2135.) In their appellate brief, Plaintiffs argue the Court abused its discretion in denying

9

Plaintiffs' request for leave to amend their complaint to properly assert claims against the named defendants in their individual capacities. (*See* Docket # 26 in Appeal No. 23-2135.)

An order dismissing with prejudice is a final judgment on the merits. *See Golden v. Barenborg*, 53 F.3d 866, 871 (7th Cir. 1995). Indeed, Plaintiffs could not have appealed to the Seventh Circuit without having a final judgment. *See* 28 U.S.C. § 1291 (stating that courts of appeals have jurisdiction to hear appeals from "final decisions of the district courts"). And the law is clear that "a final judgment is res judicata even if it is still appealable." *Amcast Indus. Corp. v. Detrex Corp.*, 45 F.3d 155, 158 (7th Cir. 1995).

Plaintiffs argue, however, that because the Court previously dismissed the complaint for suing defendants in their individual capacities for declaratory and injunctive relief, Plaintiffs are not precluded from suing defendants in their individual capacities for money damages. (Docket # 29 at 6–8 in Case No. 23-cv-1321 and Docket # 26 at 5–7 in Case No. 23-cv-1330.) Plaintiffs argue that there is no final judgment in *Knowlton* because "[o]nly an Order from the Seventh Circuit would cure the concern about a lapsed statute of limitations issue." (Docket # 29 at 7–8 in Case No. 23-cv-1321 and Docket # 26 at 6–7 in Case No. 23-cv-1330.) Plaintiffs argue that if the Seventh Circuit reverses the Court's order in *Knowlton*, only then would it be appropriate to dismiss these complaints. (Docket # 29 at 7 in Case No. 23-cv-1321 and Docket # 26 at 6 in Case No. 23-cv-1330.)

Plaintiffs are incorrect. If the Seventh Circuit reverses and remands with instructions to allow Plaintiffs to file an amended complaint, then Case No. 20-cv-1660 will be reopened and we will proceed according to the Seventh Circuit's order. Thus, there is no concern about statute of limitations as to these claims. And that is undoubtedly the proper way to proceed. If, however, the Seventh Circuit upholds the decision, this does not mean that Plaintiffs now

have free reign to sue the same parties, for the same causes of action (or ones that could have been previously raised), in a new lawsuit. That is precisely what the doctrine of res judicata prohibits—"do over" lawsuits.

As to the John Doe defendants, Plaintiffs' claims against the John Doe officers were dismissed with prejudice for failure to timely identify the officers. (Docket # 190 at 10–12 in Case No. 20-cv-1660.) The August 24, 2022 Order was later amended, however, to dismiss the John Doe defendants without prejudice. (Docket # 232 at 4–6.) Plaintiffs argue that because the John Doe defendants were dismissed without prejudice, there is no final judgment against them. It is true that a dismissal without prejudice is generally not considered final because the plaintiff can refile his or her case. *Czarniecki v. City of Chicago*, 633 F.3d 545, 549 (7th Cir. 2011). Despite this general rule, however, the Seventh Circuit has found that "under certain circumstances . . . a dismissal without prejudice may be final as a practical matter and thus appealable," *Doctor's Assocs., Inc. v. Duree*, 375 F.3d 618, 622 (7th Cir. 2004), and for this reason, "dismissal without prejudice sometimes can support a finding of claim preclusion," *Czarniecki*, 633 F.3d at 549. The Seventh Circuit has stated:

> The test for finality is not whether the suit is dismissed with prejudice or without prejudice, on the merits or on a jurisdictional ground or on a procedural ground such as failure to exhaust administrative remedies when exhaustion is not a jurisdictional requirement. The test is whether the district court has finished with the case.

*Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003).

The crux of Plaintiffs' arguments in the present cases involves continued claims of discovery abuses on the part of the defendants in the closed *Knowlton* case. Plaintiffs argue that Defendants have "unclean hands" and thus the Court should deny Defendants' motion "because of obfuscation during discovery" in the *Knowlton* case. (Docket # 29 at 9–11 in Case

11

No. 23-cv-1321 and Docket # 26 at 8–13 in Case No. 23-cv-1330.) In the *Knowlton* case, Plaintiffs argued that their failure to identify the John Doe defendants after sixteen months of litigation was due solely to the improper discovery practices of the defendants. I considered this argument and rejected it in the August 24, 2022 Order dismissing the John Doe defendants with prejudice. (Docket # 190 at 10–11 in Case No. 20-cv-1660.) Plaintiffs moved for reconsideration, arguing that the Court did not know the whole story regarding the parties' discovery conflicts. (Docket # 232 at 5.) I found that given "the discovery quagmire the parties have made of this case since its inception," I would amend the order to dismiss the John Doe defendants without prejudice. (*Id.*) The Order, dated October 28, 2022, further stated as follows:

> Should the plaintiffs discover the names of any or all of the John Doe officers, plaintiffs should move for leave to amend the complaint to name the officers. Any motion, however, must demonstrate that the names of the John Doe defendants were previously requested, but not produced, at the time of the filing of the Fourth Amended Complaint. In other words, plaintiffs must demonstrate that the Court was indeed factually wrong in its finding in the August 24, 2022 decision and order—that but for the defendants' "lack of discovery compliance" (Docket # 109 at 11), plaintiffs would have already identified the John Doe officers.
>
> Plaintiffs seem to acknowledge, however, that the best use of everyone's resources is to pursue their claims against those officers who allegedly violated their rights and who are already named. (Docket # 221 at 3.) However, as the statute of limitations has not yet run, I agree that the John Doe defendants should be dismissed without prejudice.

(*Id.* at 5–6.) Judgment was not entered in this case until May 8, 2023 and at no time prior did Plaintiffs request leave to amend the complaint to name the John Doe defendants. (Docket # 412.) Even now, Plaintiffs still have not identified the John Doe defendants. However, rather than demonstrating that the Court was indeed factually wrong in its August 24, 2022 Order, i.e., that but for the defendants' "lack of discovery compliance" Plaintiffs would have already

12

identified the John Doe officers, Plaintiffs merely reiterate arguments previously made in their motion for reconsideration brief in *Knowlton*. (Docket # 29 at 10–11 in Case No. 23-cv-1321 and Docket # 26 at 12–13 in Case No. 23-cv-1330.) Now Plaintiffs assert that because the applicable statute of limitations ran on October 8, 2023, Plaintiffs had to file this case against the John Doe officers to preserve their causes of action. But even in *Knowlton*, Plaintiffs recognized that the "best use of judicial resources" would be permitting Plaintiffs to pursue their claims against the known officers. (Docket # 221 at 3 in Case No. 20-cv-1660.) While Plaintiffs asked for a window to be left open to be "afforded the opportunity to vindicate their civil rights while permitting [*Knowlton*] to proceed" (*id.*), no forward progress was made. The § 1983 claims against the City and defendant officers were dismissed. Thus, on these specific facts and history, the Court had "finished with the case"; Plaintiffs never complied with the Order to permit amendment to name the John Doe officers. For these reasons, I find the judgment is final as to the John Doe officers for purposes of claim preclusion.

  2. *Identity of Parties*

Even assuming, however, the judgment against the John Doe officers was not final for purposes of claim preclusion, the complaints would still be dismissed under the rule against claim-splitting. Again, under the rule against claim-splitting, a final judgment is not a necessary component of the analysis. *Roumann Consulting Inc. v. Symbiont Constr., Inc.*, No. 18-C-1551, 2019 WL 3501527, at *1 (E.D. Wis. Aug. 1, 2019) ("In a nutshell, the doctrine of claim splitting applies when the first suit would preclude the second suit but for the fact that no final judgment has been entered in the first suit.").

And there is an identity of parties in the *Knowlton* case and the *Cole* and *Rivera* cases. As to the plaintiffs, all Plaintiffs in both the *Cole* complaint and the *Rivera* complaint were

plaintiffs in the *Knowlton* case. As to the defendants, while the *Rivera* complaint now names Dexter Schleis as a defendant, all other defendants sued in the *Cole* and *Rivera* complaints—the City of Wauwatosa, Weber, Mitchell, Piehl, Richardson (who is now deceased), and John Doe officers—were defendants in the *Knowlton* case.

As to Schleis, in the *Knowlton* complaint, William Rivera alleged that a John Doe officer told him in response to his assertions that he was returning from work and thus not subject to the curfew, that "at this time it doesn't matter because you are black." (Fourth Am. Compl. ¶ 659 in Case No. 20-cv-1660.) The *Rivera* Plaintiffs further alleged in the *Knowlton* complaint that John Doe officers subjected them to excessive force (*id.* ¶¶ 661–63) and unlawfully arrested them (*id.* ¶ 668). Now, in the *Rivera* complaint, William Rivera alleges that "upon information and belief" Schleis was the John Doe officer who stated that "at this time it doesn't matter because you are black" (Compl. ¶ 57 in Case No. 23-cv-1330) and that Schleis was one of the John Doe officers using excessive force (*id.* ¶¶ 60–61) and unlawfully arresting Plaintiffs (*id.* 66–67).

At a February 23, 2024 hearing, Plaintiffs' counsel indicated that Schleis was a new defendant previously unknown to the plaintiffs. Defendants argue that although Schleis was not named as a party in the *Knowlton* lawsuit, he is in privity with the defendants for purposes of claim preclusion. "Privity" is "a descriptive term for designating those with a sufficiently close identity of interests." *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998). I am not convinced that Schleis is a "new" defendant or that a privity analysis is necessary in this case. While the *Knowlton* lawsuit previously identified Schleis as "John Doe," it is clear from the identical allegations in the *Rivera* complaint that Schleis is the "John Doe" named in the *Knowlton* complaint. *See Lewis v. Butler*, No. 03 C 4783, 2004 WL 1381141, at *1 (N.D. Ill.

14

May 7, 2004) (rejecting argument that res judicata does not bar action because the caption of the subsequent case "supplies the names of the corrections officers allegedly involved, whereas the previous suit identified them as John Does"). To the extent Plaintiffs contend that Schleis' identity was unknown until recently, this argument was rejected in the August 24, 2022 decision and order when the John Doe defendants were dismissed on the grounds that while Plaintiffs had the opportunity to amend their complaint to name the John Doe officers, they failed to timely do so. (Docket # 190 at 11.) Furthermore, "procedural difficulty is irrelevant to [the] res judicata analysis" as it is "*plaintiffs' burden to amend or dismiss their complaints as necessary to get their entire cause of action in one suit*." *Chicago Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1081 (7th Cir. 2011) (emphasis in original). And more fundamentally, Schleis was not unknown to the Plaintiffs during the *Knowlton* litigation, as his name appears multiple times in the Fourth Amended Complaint. (*See* Fourth Am. Compl. ¶¶ 678, 688, 742, in Case No. 20-cv-1660.)

For these reasons, there is an identity of parties between *Knowlton* and the current actions.

    3.    *Identity of Causes of Action*

There is also an identity of causes of action between *Knowlton* and the present cases. Whether there is an identity of the causes of action depends on "whether the claims comprise the same core of operative facts that give rise to a remedy." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) (internal quotation and citation omitted); *see also Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986) (finding the Seventh Circuit uses the "same transaction" test in which a "cause of action" consists of "a single core of operative facts which give rise to a remedy"). The "same transaction" test is "decidedly fact-oriented."

15

*Id.* "Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." *Id.* In other words, a mere change in the legal theory does not create a new cause of action . . . prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation but also to those issues which could have been raised in that litigation." *Id.* (internal quotations and citations omitted).

Plaintiffs acknowledge that "some of the causes of action are similar to *Knowlton*" but argue that fact should not bar Plaintiffs' claims due to the absence of a final judgment. (Docket # 29 at 9 in Case No. 23-cv-1321 and Docket # 26 at 8 in Case No. 23-cv-1330.) Plaintiffs' description of the causes of action in *Cole* and *Rivera* being merely "similar" to *Knowlton* is not quite accurate. While the *Cole* and *Rivera* complaints indeed raise several new causes of action, such as assault and battery, both complaints also raise multiple *identical* causes of actions that were previously raised in the *Knowlton* case. But the focus of "identity of causes of action" is not on whether there are new causes of action, but on whether the causes of action arise from the same transaction. And the absence of a final judgment does not factor into the claim-splitting analysis.

These new causes of action clearly stem from the exact same core of operative facts that gave rise to the *Knowlton* complaint. In fact, much of the *Cole* and *Rivera* complaints are carbon copy excerpts from the *Knowlton* complaint. (Compare *Knowlton* Fourth Amended Compl. ¶¶ 304–72 and ¶¶ 642–95 with *Cole* Compl. ¶¶ 40–110 and *Rivera* Compl. ¶¶ 28–113.) Accordingly, both the *Cole* and *Rivera* complaints are barred by the doctrines of claim preclusion and claim-splitting. Defendants' motions for judgment on the pleadings are granted and both cases are dismissed.

16

Case 2:23-cv-01321-NJ    Filed 04/17/24    Page 16 of 18    Document 33

*4.    Motions for Sanctions*

Defendants have moved for sanctions in both actions pursuant to Fed. R. Civ. P. 11. (Docket # 21 in Case No. 23-cv-1321 and Docket # 18 in Case No. 23-cv-1330.) Defendants argue that these two lawsuits were frivolous at their inception, given the prior litigation in the *Knowlton* case and the currently pending appeal before the Seventh Circuit. Defendants served their sanctions motions in both cases on Plaintiffs, pursuant to Rule 11(c)(2). Plaintiffs responded by filing motions to stay litigation in both pending cases until the currently pending *Knowlton* appeal was resolved. (Docket # 18 in Case No. 23-cv-1321 and Docket # 15 in Case No. 23-cv-1330.) A hearing was held on Plaintiffs' motion to stay on February 23, 2024. At that time, I indicated I would set a briefing schedule on Defendants' sanctions motions after the preclusion issues were resolved. Plaintiffs have **twenty-one (21) days** from the date of this Order to file a response to the Defendants' motions for sanctions in both cases. Defendants have **fourteen (14) days** to file replies, if any.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that Plaintiffs' Motions to Stay (Docket # 18 in Case No. 23-cv-1321; Docket # 15 in Case No. 23-cv-1330) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions for Judgment on the Pleadings (Docket # 27 in Case No. 23-cv-1321; Docket # 23 in Case No. 23-cv-1330) are **GRANTED**. Plaintiffs' complaints are dismissed as barred by res judicata (claim preclusion) and claim-splitting. The clerk of court will enter judgment accordingly.

**FINALLY, IT IS ORDERED** that Plaintiffs have **twenty-one (21) days** from the date of this Order file a response to the Defendants' motions for sanctions in both cases. Defendants have **fourteen (14) days** to file replies, if any.

Dated at Milwaukee, Wisconsin this 17th day of April, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge