# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TRACY COLE AND TALEAVIA COLE,

      Plaintiff,

    v.

Case No.: 2023-CV-1321

CITY OF WAUWATOSA CHIEF (former) BARRY
WEBER, DANIEL MITCHELL, ROBERT PIEHL,
ESTATE OF RUSSELL RICHARDSON BY AND
THROUGH ITS PERSONAL REPRESENTATIVE
DANICA HORNER, and JOHN DOES POLICE
OFFICERS 1 – 100,

      Defendants.

## PLAINTIFFS' BRIEF IN OPPOSITION TO
## DEFENDANTS' MOTION FOR SANCTIONS (Dkt. 21)

Attorney Nathaniel Cade, in his representation of Kimberley Cy. Motley, who represents Plaintiffs in this matter Tracy and Taleavia Cole, files this response in opposition to Defendants' Motion for Sanctions (Dkt. 21). Plaintiffs respectfully request this Court deny Defendants' Motion for Sanctions for the reasons as outlined in this brief but also because Defendants failed to properly serve Plaintiffs as required.

### STATEMENT OF CASE AND PROCEDURAL HISTORY

On March 6, 2021, Plaintiffs Tracy Cole and Taleavia Cole were named as plaintiffs in a lawsuit against the City of Wauwatosa and several of its employees. *See Aaron et al v. Ratkowski et al*, Eastern District Case No. 20-cv-1660, ECF 24, at ¶¶ 17, 18.

On August 24, 2022, the Court dismissed several of Plaintiffs' claims against individually named defendants and John Doe officers. The claims dismissed included

Deliberate Indifference against Barry Weber, Excessive Force against Mitchell, Piehl, Richardson, and John Doe Officers, Unlawful Arrest against Mitchell, Piehl, Richardson, and John Doe Officers, Unlawful Search and Seizure against Mitchell, Piehl, Richardson, and John Doe Officers, Violation of Title VI against Barry Weber, Denial of Due Process against the City of Wauwatosa, and Equal Protection against John Doe Officers with prejudice. The Court noted that because Plaintiffs were suing the individual defendants for "declaratory and injunctive relief only," that these claims were improper. *See, generally Kathryn Knowlton et. al., v. City of Wauwatosa* 20-CV-1660 (ECF 232*, at* 23-24.

On September 21, 2022, Plaintiffs filed a motion for reconsideration and made several arguments including an argument that the Court *sua sponte* dismissed the John Doe officers. ECF 204. On October 28, 2022, this Court granted the Plaintiffs' motion for reconsideration as it relates to the John Doe officers, noting that such dismissals would be without prejudice. *Knowlton,* 20-CV-1660, ECF 232, at 6. Specifically in its decision the court noted that, "as the statute of limitations has not yet run, I agree that the John Doe defendants should be dismissed without prejudice." *Id*.

On June 7, 2023, Plaintiffs filed their notice of appeal, including an argument that the aforementioned claims should not have been dismissed by the court and argued that the court treated such claims as official capacity claims versus individual capacity claims in its dismissal. *Knowlton,* 20-CV-1660 (ECF 425). That matter is now before the Seventh Circuit Court of Appeals in case 23-2145 and parties are waiting for the scheduling of oral arguments.

With regards to the present motion by Defendants, the Court should deny it for several reasons, including Defendants' failure to properly serve a safe harbor letter and that Plaintiff maintained this present lawsuit based on a genuine belief that the allegations

contained therein were to be preserved irrespective of the Seventh Circuit's posture with the adjacent case. On January 24, 2024, **and prior to** the Defendants filing their Motion for Sanctions, Plaintiffs filed an expedited motion to stay the proceedings pending the resolution of the matter before the Seventh Circuit Court of Appeals 23-2145 which Defendant's opposed. *See* ECF 18 and 20. Plaintiffs noted that all parties filed their briefs with the Seventh Circuit and were waiting on oral arguments to be scheduled. ECF 18. Defendants' sanctions seek relief that does not fall within the scope of conduct measured under Rule 11 as Plaintiff only wished to ensure proper adjudication of claims that it believed still have merit.

## ARGUMENT

### A. Plaintiffs' Filing was not Frivolous or Harassing and Does Not Rise to Sanctionable Conduct.

Motions for Rule 11 sanctions are seldom granted, and for good reason as they are reserved for litigants who blatantly disrespect the judicial process. *See Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003) ("[A] district court must ... bear in mind that [Rule 11] sanctions are to be imposed sparingly."). This lawsuit was not frivolous, and Plaintiffs' efforts to ensure proper representation of their clients was rooted in a belief that, without the filing of this lawsuit, certain rights would be lost. Plaintiffs filed this case in good faith to preserve their rights before the statute of limitations expired. Plaintiffs believed that if the Seventh Circuit upheld the decisions of this Court in *Knowlton,* then all matters would be dismissed, and Plaintiffs would be free to proceed with its individual capacity claims for money damages (as it is understood that the Court indicated that only official capacity claims originally were brought). If, however, the Seventh Circuit were to agree with the Plaintiffs in *Knowlton* and overturn this Court's prior decisions the two lawsuits could be

consolidated or the subsequent lawsuits dismissed (as the end result – individual claims against the defendants – would be the same). Thus, Plaintiffs asked for a stay of this court's proceedings, which Defendants opposed, prior to the Defendant's filing of their Motion for Sanctions. ECF 18.

Rule 11 authorizes a district court to impose sanctions on lawyers or parties (or both) for submissions that are filed for an improper purpose or without a reasonable investigation of the facts and law necessary to support their claims. *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 823-24 (7th Cir. 2001). The Seventh Circuit has fleshed out the Rule 11(b) criteria: "[t]here must be 'reasonable inquiry' into both fact and law; there must be good faith (that is, the paper may not be interposed 'to harass'); the legal theory must be objectively 'warranted by existing law or a good faith argument' for the modification of existing law; and the lawyer must believe that the complaint is 'well-grounded in fact.'" *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1080 (7th Cir. 1987).

Admittedly, and as discussed by this Court, Plaintiffs are aware that the present lawsuit cannot be maintained as it stands. That concession, however, does not translate to punishing Plaintiffs for an attempt to zealously advocate for their clients. Harassment, ill-intent, or motivations to misrepresent these proceedings were never at the forefront of filing of this suit, and Defendants position that sanctions be deemed necessary fall beyond the mandates of the rule's purpose. Plaintiff's intent on filing the lawsuit was to ensure claims were preserved, and to work backwards from the rulings of *Knowlton* to determine whether individual claims against a variety of parties for money damages were still viable. This Court disapproved of the lawsuit but should hold that sanctions serve an unnecessary purpose at this time because Plaintiff's never lacked a good faith basis. This can be

evidenced further by Plaintiffs' filing of a motion to stay the proceedings filed on January 24, 2024, before Defendants Motion for Sanctions as filed February 14, 2024, pending resolution of the Seventh Circuit's decision. (ECF 1). Additionally, in the initial filing of this lawsuit Plaintiffs were transparent and immediately filed its Notice of Related Actions with this court citing Knowlton 20-cv-1660. ECF 2.

### B. Improper service of Safe Harbor and Motion Fed. R. Civ. P. 11(c)(2) and Fed. R. Civ. P. 11(a).

Defendants failed to present a safe harbor letter to Plaintiffs in a manner consistent with the Rules and instead filed their sanctions request despite being alerted to their own deficiency.

A request for sanctions must be made by a separate motion rather than as an additional prayer for relief. Fed. R. Civ. P. 11(c)(1)(A). In particular, the party seeking sanctions must serve the motion in accordance with Fed. R. Civ. P. 5 but must not file or present the motion to the court for 21 days. Fed. R. Civ. P. 11(c)(1)(A). In the 21-day period, the party opposing sanctions may withdraw or correct any misrepresentations or frivolous arguments. If the opposing party does not take advantage of the 21 day "safe harbor" period, the party seeking sanctions may file the sanctions motion with the court. More specifically, the Rule provides that:

> Rule 11 of the Federal Rules of Civil Procedure lists requirements for those who file papers with the courts and provides for sanctions if those requirements are violated. Rule 11(b) reads in relevant part that:
>
> [b]y presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(1)-(2).

Rule 11, along with all available sanctions, exist to ensure that the federal judiciary is, "engaged only to address claims and defendants that have a reasonable basis in fact and law and that are asserted only for a proper purpose." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 883 (7th Cir. 2017). "Toward that end, the Rule imposes an objective standard of reasonableness on a party's or lawyer's action." *Novoselsky v. Zvunca*, 324 F.R.D. 197, 202 (E.D. Wis. 2017) (citing *N. Ill. Telecom, Inc.*, 850 F.3d at 885).

Here, Defendants failed to provide Plaintiffs' counsel with a properly served Rule 11 notice. Declaration of Kimberly Motley ("Motley Decl."), at 4 and 5, **Exhibits 1 and 2**; FRCP Rule 11(c)(2). Subsequently, Defendants were given notice of their failure to properly serve Plaintiffs with both the Defendants' Safe Harbor Letter dated January 10, 2024, as well as their Draft Motions for Sanctions prior to their filing of the present Motion for Sanctions on February 14, 2024 (ECF 21). Declaration of Nathaniel Cade, Jr. ("Cade Decl.), at 4, **Exhibit 3.** Despite this knowledge, Defendants have persisted in maintaining this motion, which is improper.

Rule 11(c)(2) states in relevant part that the motion for sanctions "***must be served under Rule 5***, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." (emphasis added). Here, Defendants never properly served Plaintiffs' counsel and instead improperly emailed the Safe Harbor

Letter and Motion for Sanctions to Plaintiffs on January 10, 2024. Plaintiffs notified Defendants of this error, and properly served their own safe harbor letter through facsimile on March 20, 2024. Cade Decl., at **Exhibit 3**.

Additionally, during the scheduling conference held on February 23, 2024, in *Rivera et. al v. Wauwatosa*, Attorney Cade informed Defense Counsel of the failed service to Attorney Motley of their Safe Harbor Letter and Rule 11 Draft Motion. Despite having been made aware of the failures, Defendants failed to withdraw or correct their improperly served Rule 11 Motion for Sanctions.

It is true that the failure to substantially comply with Rule 11 does not deem a motion for sanctions wholly ineffective; rather, the line of caselaw suggests that defects in the safe harbor provision are "technical" – a more liberal viewpoint of the rule's intent. *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003). Nonetheless, the safe harbor provision was added to Rule 11, in part, to make the rule fairer by giving a potential violator notice and an opportunity to correct. The safe harbor provision is not a mere formality that a court may ignore in full. *See Corley v. Rosewood Care Center, Inc.,* 142 F.3d 1041, 1058 (7th Cir. 1998) (citing *Ridder v. City of Springfield,* 109 F.3d 288, 297 (6th Cir.1997), and *Barber v. Miller,* 146 F.3d 707, 710–11 (9th Cir. 1998)). Plaintiffs wish to raise this technical concern to demonstrate that Plaintiff strongly implied that Defendants' "warning shot" failed to comply with the rules and was ultimately ignored.

**C. Defense Counsel did not have standing to file the Motion for Sanctions on behalf of the Estate of Russell Richardson whom they did not represent at the time of the filing.**

Furthermore, defense counsel did not have standing to file any papers on behalf of the Estate of Russel Richardson. On November 10, 2023, Attorney Motley asked by email

if Attorney Baynard was willing to accept service on behalf of Russell Richardson. Attorney Baynard replied on November 17, 2023, that, "We can accept service on behalf of all defendants except for Russell Richardson." Motley Decl., at 6, **Ex. 4.** Additionally, when Plaintiffs' Counsel asked for the contact details of Russell Richardson the response from Attorney Baynard was, "I do not and I have not had contact with him, but his obituary can be found online." Motley Decl., at 7 and **Exhibit 5** (email dated November 21, 2023, between attorneys Baynard and Motley).

On December 13, 2023, Attorney Motley filed an amended complaint naming the Defendant Estate of Russell Richardson for the first time. (ECF 15). On January 8, 2024, Attorney Baynard answered the amended complaint on behalf of all Defendants *except* the Estate of Russell Richardson. (ECF 17). n January 20, 2024, service was accomplished against the Estate of Russell Richardson by serving the Personal Representative to the Estate, Danica Homer. Motley Decl. at 8, **Ex. 6.** On February 14, 2024, Attorney Baynard filed a Motion for Sanctions on behalf of all defendants *including* the Estate of Russell Richardson, whom she did not represent at the time the motion was filed.

Fed. R. Civ. P. 11(a) requires that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." Despite the fact that Attorney Baynard had not noticed her appearance to represent the Estate of Russell Richardson, refused to accept service on behalf of the Estate, never consented to the jurisdiction of the magistrate court, and never filed the disclosure statement on behalf of the Estate as required pursuant to Fed. Rule. Civ. Procedure 7.1 and as instructed by the court on November 21, 2023, Defense Counsel filed a Motion for Sanctions on behalf of all defendants including the Estate of Russell Richardson whom she did not represent.

Thereafter, on February 20, 2024, parties were contacted by the clerk of the court regarding scheduling a Rule 16 Scheduling Conference in this matter. It was in this email that Attorney Motley informed the court that "the attorney for the Estate of Russell Richardson has not made an appearance yet. I was informed by Jasmyne that she does not represent the Estate." Motley Decl. at 9 and **Ex. 7**. Subsequently, that same day, Attorney Baynard noted that Attorney Motley was "incorrect" and that she *would* be representing the Estate. Motley Decl. at **Ex. 8**.

The Record, however, belies Attorney Baynard's statements. Since the inception of this matter, Attorney Baynard has never filed any notices of appearance on behalf of Russell Richardson nor on behalf of the Estate of Russell Richardson. Plaintiffs requested the court to issue a summons on December 14, 2023, for the Estate of Russell Richardson (ECF 16) and filed the executed summons with the court on February 20, 2024. (ECF 22). The following day, February 21, Attorney Baynard filed Defendants' answer to the Amended complaint, which was the first time that it was noted that she represented the Estate of Russell Richardson. (ECF 23). The federal courts frown down upon such gamesmanship. The fact remains that on February 14, 2024, when the Motion for Sanctions was filed, Attorney Baynard did not represent the Estate of Russell Richardson.

**D.  Misrepresentations in the Motion for Judgment, Notwithstanding the Pleadings.**

It should be noted that on October 28, 2022, this Court in *Knowlton,* 20-CV-1660, dismissed the John Doe Defendant's without prejudice, which served as Plaintiffs' belief that a meritorious action existed here. Specifically in its decision the court noted that, "as the statute of limitations has not yet run, I agree that the John Doe defendants should be dismissed without prejudice." *Id.,* ECF 232, at 6.

Plaintiffs have made numerous attempts to ascertain the identify of the John Does Officers but have been stymied by the Defendants. Despite Plaintiffs' repeated discovery requests to affirmatively identify the arresting officers, Defendants consistently failed to provide this information. For example, in Defendants' Responses to Plaintiffs Fourth Set Of Interrogatories, Interrogatory #2, Defendant Farina (who was the officer named on the civil ticket issued to Plaintiffs Tracy Cole and Taleavia Cole) to identify.

> "who (he) spoke to regarding all the tickets that he issued, when he spoke to anyone regarding the ticket issued to Plaintiffs, any documents received regarding Plaintiffs tickets, and any statements taken regarding their tickets." Defendants objected that this interrogatory was "not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence" and did not provide any answers to the questions."

*See* Motley Decl. at 11 and **Ex. 9**.

In response, Farina did not mention or refer to Tracy Cole or Taleavia Cole nor the dates they were arrested. Farina noted that:

> "Subject to said objection and without waiving same, the only Plaintiffs with claims against Farina are Isaiah Baldwin, Aidalia Rivera, and Rosalind Rogers. For Isaiah Baldwin and Rosalind Rogers no citation was issued on 9/30/2020. On or about September 5, 2020, Baldwin and Rogers were arrested with nine other individuals' part of a protest group assembled at N. 65th St / Milw Avenue. Several Wauwatosa squads with emergency lights activated were blocking the road to stop the protest, blocking all lanes of traffic.
>
> The vehicles entered Wauwatosa yelling and signing and with vehicles blowing their horns. The activity of the protesters blocked the entire roadway throughout the city thereby not allowing vehicular traffic to pass through. The protesters and vehicles were sufficiently loud that they caused a large disturbance. Protest vehicles drove recklessly, causing significant damage to the public. Vehicles were driving off road onto sidewalks and front yards. Farina was on scene. Please see DEFS' RPD 000237-DEFS' RPD 000257, DEFS' RPD 000570-571, DEFS' RPD 000694, DEFS' RPD 000525, and DEFS' RPD 000099.
> For Aidali Rivera, please see DEFS' RPD 021899- DEFS' RPD 021901, and DEFS' RPD 000688."

*Id.*

Again, the Court's dispositive ruling to dismiss this lawsuit outlined the boundaries and limitations of Plaintiffs' options with respect to its case and their ability to advance legal theories. Yet, it should be emphasized that Plaintiffs' conduct was rooted in a bona fide belief that the present matter was to be preserved pending the Seventh Circuit rulings, and in conjunction with prior rulings from the *Knowlton* matter. With clarity from this Court, Plaintiffs respectfully honor the ruling and simply request that sanctions be denied.

## CONCLUSION

Plaintiffs respectfully request that the Court dismiss or deny Defendants' motion for sanctions, for the reasons stated herein.

Dated this 8th day of May 2024.

**CADE LAW GROUP LLC**

By: <u>Electronically signed by s/Nathaniel Cade, Jr.</u>
    Nathaniel Cade, Jr., SBN 1028115
    P.O. Box 170887
    Milwaukee, WI  53217
    (414) 255-3802 (phone)
    (414) 255-3804 (fax)
    nate@cade-law.com