TRACY COLE and TALEAVIA COLE,

    Plaintiffs,

  v.                                  Case No. 23-CV-1321

CITY OF WAUWATOSA, et al.,

    Defendants.

WILLIAM RIVERA, et al.,

    Plaintiffs,

  v.                                  Case No. 23-CV-1330

CITY OF WAUWATOSA, et al.,

    Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SANCTIONS

Defendants move for sanctions against Plaintiffs' attorney pursuant to Fed. R. Civ. P. 11. (Docket # 21 in Case No. 23-cv-1321; Docket # 18 in Case No. 23-cv-1330.) Plaintiffs oppose the motions. Relevant to these sanctions motions, Plaintiffs Tracy Cole, Taleavia Cole, William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu sued the City of Wauwatosa, Wauwatosa's former Police Chief Barry Weber, and several officers of the Wauwatosa Police Department, including Daniel Mitchell, Robert Piehl, the Estate of Russell

Richardson, Dexter Schleis, and John Doe Police Officers 1-100, for violation of their rights under federal and state law.[1]

On January 10, 2024, Defendants emailed Plaintiffs' counsel a safe harbor letter notifying them that their lawsuit asserted claims that are duplicative of those brought and dismissed with prejudice in *Aaron et al v. Ratkowski et al*, Case No. 20-cv-1660 (E.D. Wis.) and which are the subject of a pending Seventh Circuit appeal in *Kathryn Knowlton, et al v. City of Wauwatosa, et al*, Appeal No. 23-2135. Defendants further stated in their letter that Plaintiffs' claims were barred by res judicata and were in violation of Rule 11. (Docket # 19-1 in Case No. 23-cv-1321; Docket # 16-1 in Case No. 23-cv-1330.) When Plaintiffs did not move to dismiss their lawsuits, Defendants filed these sanctions motions. In response to the motions, Plaintiffs filed motions to stay in both cases.

After a status conference in which I indicated that the res judicata issues raised in the sanctions motions and motions to stay required more briefing, Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the grounds that the *Cole* and *Rivera* lawsuits are duplicative of the *Knowlton* case pending before the Seventh Circuit and are barred by the doctrines of claim preclusion and claim-splitting. (Docket # 18 in Case No. 23-cv-1321; Docket # 15 in Case No. 23-cv-1330.) On April 17, 2024, I granted the defendants' motions in both cases and dismissed the complaints. (Docket # 33 in Case No. 23-cv-132; Docket # 28 in Case No. 23-cv-1330.) I now turn to the Defendants' motions for sanctions.

---

[1] For ease of reference, I will refer to Case No. 23-cv-1321 as the "*Cole* case" and will refer to Case No. 23-cv-1330 as the "*Rivera* case."

## APPLICABLE RULE

Fed. R. Civ. P. 11 provides that by presenting pleadings to the court, the filer is certifying that the filing is not being used for any improper purpose, such as to harass; that the claims, defense, and legal contentions are warranted by law; and that the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). The rule further provides that if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on the party. Fed. R. Civ. P. 11(c). A motion for sanctions under Rule 11 requires that the party filing the motion serve the motion under Rule 5, but not file it until twenty-one days after service of the motion. Fed. R. Civ. P. 11(c)(2). This "safe harbor" provision gives the non-movant an opportunity to withdraw or correct the allegedly violative pleading. *Id.*

Rule 11 states that a sanction imposed under this rule "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The sanction may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

## DISCUSSION

Imposing sanctions under Rule 11 is a serious step. "Rule 11 is not a fee-shifting statute in the sense that the loser pays. It is a law imposing sanctions if counsel files with improper motives or inadequate investigation." *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989).

> [Rule 11] creates duties to one's adversary and to the legal system, just as tort law creates duties to one's client. The duty to one's adversary is to avoid

3

> needless legal costs and delay. The duty to the legal system (that is, to litigants in other cases) is to avoid clogging the courts with paper that wastes judicial time and thus defers the disposition of other cases or, by leaving judges less time to resolve each case, increases the rate of error. Rule 11 allows judges to husband their scarce energy for the claims of litigants with serious disputes needing resolution.

*Id.* Plaintiffs in the *Knowlton* case currently on appeal before the Seventh Circuit were represented by Attorney Motley. Attorney Motley actively litigated the *Knowlton* case, including trying the case before a jury. Attorney Motley also filed the appeal before the Seventh Circuit in *Knowlton*, as well as the complaints in both the *Cole* and *Rivera* cases before this Court. In other words, at the time Attorney Motley filed the *Cole* and *Rivera* cases in October 2023, she was aware of the facts and/or procedural posture of all the involved cases. And, as I stated in the decision and order dismissing the *Cole* and *Rivera* complaints, much of these new complaints were carbon copy excerpts from the *Knowlton* complaint. (Docket # 33 at 16 in Case No. 23-cv-1321; Docket # 28 at 16 in Case No. 23-cv-1330.)

The doctrines of claim preclusion (also known as res judicata) and claim-splitting are not new, nor are they obscure, seldomly-raised areas of law. They certainly should be known to any practicing attorney and to the extent an attorney is unaware or unclear of the nuances of the law, Rule 11 would certainly require such attorney to conduct an adequate investigation into the legal standard before filing a complaint.

In response to Defendants' sanctions motions, Plaintiffs state that: "Admittedly, and as discussed by this Court, Plaintiffs are aware that the present lawsuit cannot be maintained as it stands." (Docket # 35 in Case No. 23-cv-1321; Docket # 30 in Case No. 23-cv-1330.) The crux of Plaintiffs' response, however, is that Defendants failed to properly serve the Rule 11 motion because it was served via email and Rule 5 states that service can only be completed electronically if the receiving party consented to the means of delivery in writing, which

Attorney Motley did not do. (Docket # 35 at 6–7 in Case No. 23-cv-1321; Docket # 30 at 5–8 in Case No. 23-cv-1330.) Attorney Motley does acknowledge that she received Defendants' sanctions motions on January 10, 2024. (Motley Decl. ¶¶ 4–5, Exs. 1, 2, Docket # 37 and Docket # 37-1 and Docket # 37-2 in Case No. 23-cv-1321; Motley Decl. ¶ 4, Docket # 16 and Docket # 16-1 in Case No. 23-cv-1330.)

Attorney Nathaniel Cade, Jr., who is representing Attorney Motley on the sanctions motions, sent his own Rule 11 "safe harbor" letter to Defendants' counsel on March 20, 2024, on the grounds that Attorney Motley did not consent to service by email. (Cade Decl. ¶ 4, Ex. 3, Docket # 36 in Case No. 23-cv-1321; Cade Decl. ¶ 4, Ex. 3, Docket # 31 in Case No. 23-cv-1330.) This was done weeks after February 23, 2024, when the parties appeared before the Court to discuss the sanctions motions (Docket # 21 in Case No. 23-cv-1330) and a week after Defendants filed their motions for judgment on the pleadings (Docket # 27 in Case No. 23-cv-1321; Docket # 23 in Case No. 23-cv-1330).

Attorney Cade's Rule 11 threat itself borders on frivolous. Defendants' "safe harbor" letter specifically stated that "Pursuant to Fed. R. Civ. P. 11(c)(2), you have twenty-one (21) days to dismiss the action. If you fail to do so, I intend to move for sanctions." (Docket # 37-2 in Case No. 23-cv-1321; Docket # 32-2 in Case No. 23-cv-1330.) While the Seventh Circuit stands alone on this issue, it has found that "substantial compliance" with Rule 11 is sufficient. *See Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003) ("Defendants have complied substantially with Rule 11(c)(1)(A) and are entitled to a decision on the merits of their request for sanctions under Rule 11."). In *N. Illinois Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880 (7th Cir. 2017), the court reiterated that despite criticism of "substantial compliance," *Nisenbaum* "remains controlling circuit law on this point" and "substantial

5

compliance" requires giving "the opportunity to withdraw or correct the challenged pleading within 21 days without imposition of sanctions." *Id.* at 888.

Counsel acknowledges, citing *Nisenbaum*, that "the failure to substantially comply with Rule 11 does not deem a motion for sanctions wholly ineffective; rather, the line of caselaw suggests that defects in the safe harbor provision are 'technical' – a more liberal viewpoint of the rule's intent." (Docket # 35 at 7 in Case No. 23-cv-1321; Docket # 30 at 7 in Case No. 23-cv-1330.) Attorney Cade argues, however, that the safe harbor requirement was added to Rule 11 to make the rule fairer by giving the potential violator notice and an opportunity to correct. (*Id.*) But Defendants' "safe harbor" letters and motions undoubtedly "substantially complied" with Rule 11 and properly gave counsel notice and an opportunity to withdraw the complaints within 21 days. This is not a situation where Attorney Motley never received the email with the letters and draft motions—she clearly did. And the opportunities to correct were plentiful.

Counsel argues that Attorney Motley meant no harm—she was simply trying to "zealously advocate" for her clients. (Docket # 35 at 4 in Case No. 23-cv-1321; Docket # 30 at 4 in Case No. 23-cv-1330.) I do not question Attorney Motley's intentions. But Rule 11 "requires counsel to study the law before representing its contents to a federal court." *McGreal v. Vill. of Orland Park*, 928 F.3d 556, 560 (7th Cir. 2019) (internal quotation omitted). And the test for whether a filing is being used for an improper purpose is objective. *Id.* "An attorney cannot avoid sanctions by claiming subjective good faith if a reasonable inquiry into the facts and law would have revealed the frivolity of the position." *Id.* Rule 11(b)(2) provides that in presenting a pleading to the court, an attorney certifies that the "the claims, defenses, and other legal contentions are warranted by existing law." The complaints in *Cole* and *Rivera* are

6

Case 2:23-cv-01321-NJ   Filed 06/06/24   Page 6 of 9   Document 40

textbook examples of claim preclusion and/or improper claim-splitting. Attorney Motley could have voluntarily dismissed the complaints and awaited the Seventh Circuit's decision in *Knowlton*. She chose not to. And these choices have unnecessarily consumed both the Court's limited resources and that of Defense counsel. For these reasons, sanctions are appropriate.

Compare this case to that of another case arising out of the *Knowlton* litigation. On September 26, 2023, a complaint was filed in Milwaukee County Circuit Court on behalf of Mariah R. Smith against the City of Wauwatosa, Captain Luke Vetter, Lieutenant Jeffrey Farina, Officer Ziegler, and unknown entities and insurance companies. (Docket # 1 in Case No. 23-cv-1337 (E.D. Wis.).) Smith, like the plaintiffs in *Cole* and *Rivera*, was also a plaintiff in the *Knowlton* case. In *Knowlton*, Smith sued the Defendants for excessive force arising out of a September 5, 2020 incident. (Docket # 155 at ¶¶ 211–22, 998 in Case No. 20-cv-1660.) Smith's excessive force claim was dismissed with prejudice in the August 24, 2022 Order that is currently on appeal before the Seventh Circuit in Appeal No. 23-2135.

Smith's September 2023 complaint sued Defendants for the same September 5, 2020 incident where Smith was allegedly subjected to excessive force by the defendants. (Docket # 1 in Case No. 23-cv-1337.) Smith's attorney did not previously represent any of the *Knowlton* Plaintiffs. Defendants subsequently removed the case to federal court and it became *Smith v. City of Wauwatosa, et al.*, Case. No. 23-cv-1337 (E.D. Wis.). Defendants, represented by the same counsel in *Knowlton*, *Cole*, *Rivera*, and *Smith*, moved for judgment on the pleadings on January 5, 2024, arguing, as they did in *Cole* and *Rivera*, that Smith's complaint was barred by res judicata and claim-splitting. (Docket # 14 in Case No. 23-cv-1337.) Several days later, on January 8, 2024, Smith's attorney, who was not involved in the *Knowlton* litigation and

perhaps unaware of the prior complaint, stipulated to dismiss the complaint without prejudice. (Docket # 15 in Case No. 23-cv-1337.) This is in stark contrast to Plaintiffs' counsel response in these cases.

Rule 11 states that the sanctions imposed under the rule must be limited to what suffices to deter repetition of the conduct. I find that payment of Defendants' reasonable attorney's fees and costs litigating both the *Cole* and *Rivera* actions is an appropriate sanction. Rule 11(c)(5) provides that monetary sanctions cannot be imposed against a represented party for violating Rule 11(b)(2). Thus, the sanctions are imposed against Plaintiffs' counsel, Attorney Motley.

Finally, the parties are ordered to confer in good faith and attempt to agree on reasonable attorney's fees. If the parties cannot reach an agreement, I will set a briefing schedule to decide the reasonable amount of attorney's fees and costs litigating these matters. The parties have until **June 28, 2024**, to advise the Court of whether they have reached an agreement.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendants' Motions for Sanctions (Docket # 21 in Case No. 23-cv-1321 and Docket # 18 in Case No. 23-cv-1330) are **GRANTED**. Defendants are awarded their reasonable attorneys' fees and costs litigating these two actions.

**IT IS FURTHER ORDERED** that the parties confer and attempt to reach an agreement on the sanctions amount. The parties have until **June 28, 2024**, to inform the Court whether an agreement has been reached.

Dated at Milwaukee, Wisconsin this 5th day of June, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge