UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

TRAY COLE, et al.,

        Plaintiffs,

v.                                                         Case No. 23cv01321

CITY OF WAUWATOSA, et al.,

        Defendants.
_____

WILLIAM RIVERA, et al.,

        Plaintiffs,

v.                                                          Case No. 23cv1330

CITY OF WAUWATOSA, et al.,

        Defendants
_____

**DEFENDANTS' PETITION AND MEMORANDUM IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS**
_____

Defendants, by their attorneys, WIRTH + BAYNARD, hereby Petition the court, pursuant to Rule 11 of the federal rules of civil procedure, for an award of Attorney's Fees and Costs of Defense incurred in the litigation of the above actions; and submit the following brief in support of their Petition.

## INTRODUCTION

On June 6, 2024, the Court sanctioned plaintiffs and their counsel, pursuant to FRCP 11, for the initiation and continued pursuit of two lawsuits against the Defendants that they knew or should have known were without reasonable basis in fact or law and were precluded by the prohibitions against claim-splitting and the operation of claim and issue preclusion. (ECF 40)

1

Those sanctions awarded to the Defendants their costs of litigating each of the frivolous lawsuits through dismissal. (*Id.* at 8) Between service of the lawsuits in October of 2023 and their dismissal upon the Defendants' motions in June of 2024, the Defendants incurred fees and costs that included the following actions:

- Reviewing both complaints and comparing the allegations against the extensive docket in the *Knowlton* matter;

- Drafting Answers and Affirmative Defenses to each of the two complaints;

- Reviewing the Amended complaint in the *Cole* matter and drafting an Answer and Affirmative defenses to that pleading;

- Researching, evaluating and drafting safe harbor letters for each of the two lawsuits;

- Reviewing and evaluating the plaintiffs' motions to stay proceedings in response to the safe harbor letters, and then researching and drafting briefs in opposition to those motions;

- Researching, preparing, and service of motions for sanctions for each lawsuit, then receiving plaintiffs' filings in opposition, reviewing those responses, and researching and drafting replies;

- Researching, drafting, and finalizing motions for judgment on the pleadings, together with all supporting materials, then receiving and evaluating plaintiffs' responses in opposition, and researching, drafting and finalizing replies in support of those motions;

- Reviewing plaintiffs' counter-motion for sanctions, filed in response to the defendants' motion for sanctions, researching the cited authority, evaluating the arguments and outlining a defense strategy in response to be used in briefs in opposition;

- Preparing for and attending the Court's scheduling conference in *Rivera*;

- Multiple communications between counsel, clients, and officers on case-related matters; and

- Conducting case law research on res judicata/claim preclusion with a focus on the multiple claims in the *Cole* matter; and claim-splitting and issue preclusion in the *Rivera* matter (Defendants acknowledge that there was overlap in some of the background investigation/research, and consequently billed their Wauwatosa clients a single time for the identified work, thereby avoiding duplicative billing).

Reasonable attorneys' fees should be the floor—not the ceiling in this case. As noted by the Court, "I find that payment of Defendants' reasonable attorney's fees and costs litigating both the *Cole* and *Rivera* actions is an appropriate sanction." (Dkt. 40 at 8).

The sanctions awarded in this case are, therefore, the reasonable costs and fees incurred in the overall litigation of both of the redundant and improper lawsuits – not simply the fees and costs incurred in preparing the successful dismissal motions or the successful motions for sanctions. The Defendants had to evaluate the new lawsuits, answer them, respond to an amended complaint, complete the required initial procedural filings, prepare and serve safe harbor letters, respond to a motion to stay the litigation in response to those safe harbor letters – rather than a voluntary dismissal of the actions, evaluate and begin responses to counter-motions from the Plaintiffs seeking "slap-back" sanctions, appear for a hearing, and ultimately prepare successful motions for dismissal. This work was all performed in response to lawsuits that the court found, for good reason, were precluded by the doctrines of claim preclusion and claim-splitting, prohibitions readily obvious to any practicing attorney.

## **Costs and Fees Incurred by Defendants**

Initially, it should be emphasized that the costs and fees sought by the Defendants in this case are only those actually billed by their counsel. There is no "estimation" or "market comparables" that were used for the calculation of legal time spent. The hours represented in the Declaration of Jasmyne Baynard are hours billed to the Defendants.

Based upon the time billed to our clients, the following hours were incurred to resolve two civil rights lawsuits from receipt of the assignments, through pleadings, procedural filings, notice of intent to pursue sanctions ("safe harbor" letters), motion practice on sanctions, review and preparation for responding to countermotions from plaintiffs, and successful defense motions for

dismissal. Defending two civil rights lawsuits that were filed on the heels of years-long litigation involving the same plaintiffs on the same claims, which lawsuits were themselves dismissed and/or tried through verdict, represented a significant responsibility and expenditure of time. Nevertheless, defense counsel obtained the dismissal of these two lawsuits for an average of less than 50 hours of attorney time each. In essence, the functional equivalent of a week's worth of billable time for a busy defense practice spent on the entire resolution of each action.

<u>Between the two lawsuits, the hours spent broke down as follows</u>:

a. Review and analysis of each of the two new legal assignments including client communications: 16.5 hours;

b. Preparation and finalization of pleadings, including responses to the 28-page *Cole* complaint and 29-page Cole Amended Complaint, and the 33--page *Rivera* complaint: 9.4 hours;

c. Required federal procedural filings: 4.2 hours;

d. Research, evaluation and preparation of "safe harbor" letters demanding voluntary dismissal of the two lawsuits: 18.7 hours;

e. Review, evaluation, research and response to the motions to stay proceedings filed by the plaintiffs in response to the safe harbor letters: 4.8 hours;

f. Review, evaluation, research and preparation of motions to dismiss each lawsuit: 27.6 hours;

g. Review, evaluation, research and begin preparation of response to plaintiffs' counter-motions for sanctions: 16.3 hours;

h. Court appearances: 0.7 hours;

i. Receipt and evaluation of the court's orders on our motions to dismiss and our motions for sanctions: 1.2 hours; and

j. Evaluation, preparation and submission of support for, meet-and-confer communications regarding, and then petition for award of reasonable fees and defense costs: *not yet billed*.

# ARGUMENT

After fees and costs have been awarded, as is the case here, the Court may be required to assess the reasonableness of attorney's fees sought by the prevailing party. "To determine a reasonable fee, the district court uses the lodestar method, multiplying the number of hours reasonably expended on the litigation … by a reasonable hourly rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Because the "[n]umbers of hours and reasonable rates are inherently factual matters," district courts have discretion to make upward or downward adjustments to fees requested by a prevailing party under Rule 37. *Dutchak v. Central States, Southeast & Southwest Areas Pension Fund*, 932 F.2d 591, 596 (7th Cir. 1991). However, "[t]here is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett*, 664 F.3d at 639.

The determination of the allowable <u>hours</u> rests with the sound discretion of the trial court. *Hensley*, 103 S.Ct. at 1941. A determination of the hourly rate by the trial court should consider a rate "commensurate which [counsel] could obtain by taking other types of cases." *Tolentino*, 46 F.3d 645, 652 - 653 (7th Cir. 1995).

The Supreme Court decision in *Perdue v. Kenny A.*, 559 U.S. 542 (2010). In *Perdue*, the Supreme Court stated a clear preference for the "lodestar approach" when determining the "reasonableness" of an award of attorney's fees. The Supreme Court in *Perdue* stated that the lodestar fee figure, which is determined by multiplying a reasonable hourly rate by the number of hours reasonably and necessarily incurred in performing the services for which the fee application is made, presumptively yields a reasonable fee.

In the <u>l</u>odestar method of fee determination, the fee applicant must demonstrate that the number of hours for which compensation is sought is reasonable. To meet this burden, the fee

5

applicant must tender reliable billing records, and it must exercise billing judgment to excise from its fee application "time not properly shown to have been incurred in pursuit of the matter at issue or that is otherwise not reasonable in amount or not necessarily incurred." Here, defense counsel has taken care to avoid redundant or duplicative billing. When elements of either the pleadings or the motion practice served both cases, the defendants were only billed a single time.

The defense attorneys in this case are experienced and efficient in their practice. Attorney Baynard has been litigating these types of cases for more than seven years; Attorney Wirth has been doing this defense work for more than 35 years. Their billing rates of $250 per hour are more than reasonable, indeed they are probably on the low end of reasonable, for the marketplace in which they practice law.

For the foregoing reasons, Defendants respectfully request that the Court enter an order directing Attorney Motley to pay WIRTH + BAYNARD's attorneys' fees equaling. $21,905. Defendants also respectfully request that the Court order that plaintiffs and their attorneys pay the fees and costs incurred to bring the instant motion to compel payment of attorney's fees and costs, to be paid at the same standard rates set forth in this memorandum and approved by the Court's order.

Dated at Wauwatosa, Wisconsin this 12th day of July 2024.

**WIRTH + BAYNARD**
Attorneys for Defendants

BY: */s/ Jasmyne M. Baynard*
Jasmyne M. Baynard (SBN: 1099898)
Email: jmb@wbattys.com
9898 W. Bluemound Rd. Suite 2
Wauwatosa, WI 53226
P: (414) 291-7979

6

Case 2:23-cv-01321-NJ    Filed 07/12/24    Page 6 of 6    Document 42